### In re Bebsy GONZALEZ a/k/a Bebsy Guillen, Debtor.

### No. 99 B 20561 ASH.

United States Bankruptcy Court, S.D. New York.

May 25, 2000.

---

Bebsy Gonzalez, New Rochelle, NY, Chapter 7 debtor, pro se.

Jeffrey L. Sapir, White Plains, NY, Chapter 7 Trustee.

### REVISED MEMORANDUM DECISION REVOKING DISCHARGE AND DISMISSING CASE FOR USE OF FALSE SOCIAL SECURITY NUMBER

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

The debtor filed a "no asset" voluntary petition under Chapter 7 of the Bankruptcy Code on March 8, 1999. In the petition debtor represented her social security number to be 078–84–8402. On May 26, 1999 the Chapter 7 Trustee issued a "Trustee's Report of No Distribution." In the ordinary course the Clerk's office issued a "Discharge of Debtor—Order of Final Decree" dated July 26 and docketed July 30, 1999.

On July 27, 1999 the debtor, acting *pro se,* filed what can best be described as a notice of motion to reopen her case for the purpose of adding three creditors to her schedules in order to discharge their claims "because the lawyer that was doing my case … failed to file the above creditors." By a subsequent notice the debtor sought a return date of December 29, 1999. At the December 29 hearing, in response to a question by the Court the debtor revealed that her social security number is 078–84–8403. In response to further questions the debtor acknowledged that she had been shown her petition and schedules and that she knew the social security number on her petition was wrong.

Thereafter, the Court acting *sua sponte* under 11 U.S.C. § 105(a) issued an order requiring the debtor to show cause why the case should not be reopened, the debtor's discharge revoked and the case dismissed. The order to show cause required that the hearing be attended by the debtor in person, her counsel, if any, the Chapter 7 Trustee and a representative of the Office of the United States Trustee. At the hearing on February 15 only the Chapter 7 Trustee and a representative of the Office of the United States Trustee appeared; the debtor made no appearance either in person or by counsel. The Chapter 7 Trustee reported that at the Section 341(a) meeting he had discovered that the debtor's social security number was misrepresented on the petition and had instructed the debtor to take steps to correct the misrepresentation. No correction was made.

A subsequent hearing was held on this matter at the instance of the Court on March 21, 2000, following an apparent error in notice to the debtor of the initial hearing to re-open the case and revoke the discharge. At the March 21 hearing, the Court questioned the debtor as to the circumstances surrounding the incorrect social security number. The debtor acknowledged that the Chapter 7 Trustee had noted the error at the Section 341(a) meeting and that her prior attorney undertook to have the error corrected but never did so.

During the past year the Court has become aware of an apparently increasing number of incidents of misrepresentation of debtors' social security numbers on no asset Chapter 7 petitions in this and other courts. Social security fraud has become a subject of great concern in the context of bankruptcy practice. This is but one of five decisions published today on the subject, the lead case being *In re Riccardo*, 248 B.R. 717 (Bankr.S.D.N.Y.2000). Reference is made to the discussion and authorities on the law and remedy in *Riccardo.*

■ There is no excuse for putting the wrong social security number on a Chapter 7 petition. Use of a wrong social security number is as indefensible as use of a name which is not the debtor's. Although all Chapter 7 Trustees in this district have standing orders from the Office of the United States Trustee to verify the accuracy of the social security number at the Section 341(a) meeting, experience has shown that this safety check is not sufficient.

■ Whether the debtor's use of a false social security number, and the subsequent failure to correct that error, was intentional or not is of little of concern to present or future creditors, whose rights and interests may be prejudiced by the error regardless of the debtor's intent to defraud or lack of it. In either case the false information undermines the fundamental objectives of the Bankruptcy Code, which include complete and accurate disclosure of all relevant information and meaningful notice to all parties in interest. It is at least as important to represent accurately the debtor's social security number as any other information required to be set forth in the petition. At a minimum, a debtor who files a petition with a false social security number violates his or her oath made in signing the petition and is not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A).

■ In this instance, while the failure to correct the error may have been her prior attorney's fault, it is ultimately the debtor's responsibility. Use of false social security numbers in bankruptcy proceedings cannot be tolerated by the courts, and a discharge cannot be granted to a debtor on the basis of a false social security number. The appropriate remedy in this case is to revoke the debtor's discharge under 11 U.S.C. § 727(d)(1) and allow her to start the process over by dismissal, without prejudice to her filing a new Chapter 7

case provided full disclosure of this decision is made in any new petition.