**In re Bobbie T. ANDERSON a/k/a Bobbie Thomas Anderson, Debtor.**

**No. 99 B 22543 ASH.**

United States Bankruptcy Court, S.D. New York.

May 25, 2000.

Oxman, Natale, Friedman, Geiger & Tulis, P.C., by Mark S. Tulis, Hawthorne, NY, for Chapter 7 Trustee.

### MEMORANDUM DECISION DISMISSING CASE WITH PREJUDICE FOR USE OF FALSE SOCIAL SECURITY NUMBER

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

This is a no asset Chapter 7 case commenced by the debtor *pro se* on December 1, 1999. On his petition, the debtor listed "227–65–7582" as his social security number. At the Section 341(a) examination, the Chapter 7 Trustee sought verification of this number. The debtor testified that the number was not correct but declined to supply proof of his correct social security number. On March 1, 2000 the Chapter 7 Trustee moved to dismiss the debtor's case for use of an incorrect social security number pursuant to 11 U.S.C. § 707(a). At the April 5 hearing, the debtor failed to appear despite the order of this Court, and the Chapter 7 Trustee reported that the debtor had still failed to supply his correct social security number.

The increasing incidence of the use of false social security numbers either inadvertently or in connection with so-called "identity fraud" has become a serious problem for courts, law enforcement agencies and creditors in recent years. The problem is of particular concern in the context of bankruptcy proceedings. This is one of five decisions published today by this Court on the subject. The lead decision is *In re Riccardo*, 248 B.R. 717

(Bankr.S.D.N.Y.2000). *See also, In re Gonzalez*, 248 B.R. 731 (Bankr.S.D.N.Y. 2000) (revocation of discharge and dismissal without prejudice for use of false social security number due to counsel's failure to submit correct number), *In re Minetos*, 248 B.R. 729 (Bankr.S.D.N.Y.2000) (same), and *In re Isaza*, 248 B.R. 727 (Bankr. S.D.N.Y.2000) (dismissal with prejudice for use of false social security number where debtor had no social security number at all). The decision in *Riccardo* is incorporated herein by reference. As explained in *Riccardo* the extraordinary privilege of a discharge in bankruptcy, which is intended for the "honest but unfortunate debtor" and which by statute must be predicated on full and accurate disclosure of all material facts, cannot be granted to a debtor based upon a false social security number.

■ The remedy for a Title 11 bankruptcy filing using a false social security number will be dismissal, generally without prejudice to refiling provided the debtor uses his or her correct social security number and discloses all alias names and social security numbers previously used by the debtor. As noted in *Riccardo*, with certain exceptions prohibition of future bankruptcy filing by the debtor will not necessarily serve the interest of creditors or the objectives of the Bankruptcy Code, providing there is full disclosure.

■ This case appears to present such an exception. The debtor did not appear at the April 5 hearing on the Chapter 7 Trustee's motion to dismiss, despite this Court's order to do so, and he has not provided to the Trustee or the Court his correct social security number. As a consequence, the publication of this decision and its service upon the creditors listed in the debtor's petition and the credit rating agencies will not result in the disclosure required under the Bankruptcy Code. Having abused the bankruptcy process by misrepresenting his social security number

on his petition in this case, failing to provide his correct social security number when requested to do so by the Chapter 7 Trustee and his failure to appear at the April 5 hearing pursuant to Court order, this debtor will be barred from any further filing under Title 11, without prejudice to his right to apply to this Court for permission to refile upon disclosure of his correct social security number.