**In re Gerasimos MINETOS a/k/a Jerry Minetos, Debtor.**

**No. 99 B 21824 ASH.**

United States Bankruptcy Court, S.D. New York.

May 25, 2000.

Anthony J. Briguglio, Yonkers, NY, for debtor.

### MEMORANDUM DECISION REVOKING DISCHARGE AND DISMISSING CASE FOR USE OF FALSE SOCIAL SECURITY NUMBER

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

The debtor in this "no asset" Chapter 7 case filed July 29, 1999 listed his social security number as 110–62–8672 on his petition. The debtor's discharge was routinely issued on November 15, 1999, and the case was closed on November 18, 1999.

By letter dated January 25, 2000 counsel for the debtor requested that the debtor's social security number be changed to reflect the debtor's correct social security number, 110–62–8627. In response to counsel's letter, the Court *sua sponte* issued an order requiring the debtor and his counsel to show cause at a hearing on March 14, 2000 why his discharge should not be revoked and his case dismissed.

At the March 14 hearing the debtor, inexcusably, did not appear. The debtor's Chapter 7 counsel appeared and asserted that the debtor had provided him with the debtor's correct social security number and that the incorrect number on the Chapter 7 petition was the result of a typographical error in his law office. Counsel further informed the Court that the incorrect social security number on the petition was specifically noted at the Section 341(a) meeting by the Chapter 7 Trustee, who admonished the debtor or counsel to correct the error. The debtor and counsel made no effort to correct the error until counsel's letter dated January 25, 2000, after the discharge was granted and the case was closed in November 1999.

The increasing incidence of the use of false social security numbers either inadvertently or in connection with so-called "identity fraud" has become a serious problem for courts, law enforcement agencies and creditors in recent years. The problem is of particular concern in the context of bankruptcy proceedings. This is one of five decisions published today by this Court on the subject. The lead decision is *In re Riccardo*, 248 B.R. 717 (Bankr.S.D.N.Y.2000). *See also, In re Gonzalez*, 248 B.R. 731 (Bankr.S.D.N.Y. 2000) (revocation of discharge and dismissal without prejudice for use of false social security number due to counsel's failure to submit correct number), *In re Anderson*, 248 B.R. 726 (Bankr.S.D.N.Y.2000) (dismissal with prejudice for use of false social security number and refusal to reveal correct social security number), and *In re Isaza*, 248 B.R. 727 (Bankr.S.D.N.Y.2000) (dismissal with prejudice for use of false social security number where debtor had no social security number at all). The discussion in *Riccardo* is incorporated herein by reference. As explained in *Riccardo* the extraordinary privilege of a discharge in bankruptcy, which is intended for the "honest but unfortunate debtor" and which by statute must be predicated on full and accurate disclosure of all material facts, cannot be granted to a debtor based upon a false social security number.

The facts in this case are substantially the same as in *Gonzalez,* where the use of a false social security number on the debtor's Chapter 7 petition was not disclosed until after the debtor's discharge had been granted in the ordinary course and the case closed. In *Gonzalez* this Court reopened the debtor's case, revoked the discharge and dismissed the case, without prejudice to refiling with full disclosure.

 In this case, counsel urges that the debtor should not be penalized by reason of a typographical error in his law office. Initially, it must be noted that a debtor's protestations (through counsel) of innocence and good faith in connection with the "error" are not to be taken at face value but must be judged in the context of all of the circumstances. Even if the debtor provided his correct social security number and did not initially intend to utilize a false number on his petition, the responsibility for the accuracy of his petition remains with the debtor. It is the debtor who must sign the petition under oath and thereby vouch for the accuracy of its contents. It matters not at all to creditors whether the debtor subjectively was motivated to deceive or was pure in heart but sloppy in execution; the potential adverse impact on creditors is the same. Moreover, in this case the incorrect social security number was noted by the Chapter 7 Trustee who called upon the debtor to correct the error. The debtor did not do so.

A debtor who files a petition with a false social security number violates his or her oath made in signing the petition and is not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A). Whether the practice stems from innocent incompetence or chicane can rarely be known because circumstances rarely exist sufficient to definitively confirm or rebut facile assurances of good faith. But human experience teaches quite reliably that a rule or obligation which is uniformly enforced with consequences will be uniformly observed (except, perhaps, by the truly venal), while a rule that is not enforced will be widely ignored either willfully or by inattention. One may predict with confidence that the practice of filing bankruptcy petitions under erroneous social security numbers will virtually cease when debtors, debtors' counsel and petition preparers learn that the practice will not be tolerated by the Bankruptcy Court.[1]

To this end, and under the circumstances of this case as in the *Gonzalez* case, the appropriate remedy is to revoke the debtor's discharge under 11 U.S.C. § 727(d)(1) in the exercise of the Court's power under 11 U.S.C. § 105(a) to "issue any order ... that is necessary or appropriate to carry out the provisions of this title," without prejudice to the debtor's filing a new Chapter 7 petition.

---

1. It is perhaps no accident that the use of incorrect social security numbers appears to be confined to no asset Chapter 7 petitions. In five years' experience this Court has never been made aware of any instance in the White Plains Division of an incorrect social security number on any petition other than a petition in a no asset case under Chapter 7.