**In re Carlos ISAZA, Debtor.**

**No. 99B 22480 ASH.**

United States Bankruptcy Court,
S.D. New York.

May 25, 2000.

Oxman, Natale, Friedman, Geiger & Tulis, P.C., by Mark S. Tulis, Hawthorne, NY, for Chapter 7 Trustee.

### MEMORANDUM DECISION DISMISSING CASE WITH PREJUDICE FOR USE OF FALSE SOCIAL SECURITY NUMBER

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

This is a no asset Chapter 7 case commenced by the debtor on November 5, 1999. On his petition, the debtor listed "530–72–3027" as his social security number. At the Section 341(a) examination, the Chapter 7 Trustee sought verification of this number and learned that the debtor has no social security number and that the number listed on the petition is a fabrication. Apparently the debtor has used this false social security number for several years in order to obtain both employment and credit before he was granted legal resident status in this country. On February 29, 2000 the Chapter 7 Trustee moved to dismiss the debtor's case for cause for use of an incorrect social security number pursuant to 11 U.S.C. § 707(a). At the April 5 hearing on this motion, the debtor failed to appear despite the order of this Court. Counsel for the debtor also did not appear, but sent a paralegal after the hearing to request an adjournment. No papers in opposition have been submitted by or on behalf of the debtor, and neither the debtor nor counsel has requested that the hearing be reopened.

The increasing incidence of the use of false social security numbers either inadvertently or in connection with so-called "identity fraud" has become a serious problem for courts, law enforcement agencies and creditors in recent years. The problem is of particular concern in the context of bankruptcy proceedings. This is one of five decisions published today by this Court on the subject. The lead decision is *In re Riccardo*, 248 B.R. 717 (Bankr.S.D.N.Y.2000). *See also, In re Gonzalez*, 248 B.R. 731 (Bankr.S.D.N.Y. 2000) (revocation of discharge and dismissal without prejudice for use of false social security number due to counsel's failure to submit correct number), *In re Minetos*, 248 B.R. 729 (Bankr.S.D.N.Y.2000) (same), and *In re Anderson*, 248 B.R. 726 (Bankr. S.D.N.Y.2000) (dismissal with prejudice for use of false social security number and refusal to reveal correct social security number). The decision in *Riccardo* is incorporated herein by reference. As explained in *Riccardo* the extraordinary privilege of a discharge in bankruptcy, which is intended for the "honest but unfortunate debtor" and which by statute must be predicated on full and accurate disclosure of all material facts, cannot be granted to a debtor based upon a false social security number.

The remedy for a Title 11 bankruptcy filing using a false social security number will be dismissal, generally without prejudice to refiling provided the debtor uses his or her correct social security number and discloses all alias names and social security numbers previously used by the debtor. As noted in *Riccardo*, with certain exceptions prohibition of future bankruptcy filing by the debtor will not necessarily serve the interest of creditors or the objectives of the Bankruptcy Code, providing there is full disclosure.

This case appears to present such an exception. The debtor did not appear at the April 5 hearing on the Chapter 7 Trustee's motion to dismiss, despite this Court's order to do so, and he apparently has not yet obtained his own social security number. As a consequence, the publication of this decision and its service upon the creditors listed in the debtor's petition and the credit rating agencies will not result in the disclosure required under the Bankruptcy Code. Having abused the bankruptcy process by fabricating a social security number on his petition in this case, and his failure to appear at the April 5 hearing pursuant to Court order, this debtor will be barred from any further filing under Title 11, without prejudice to his right to apply to this Court for permission to refile if and when he obtains his own social security number.