In re Curtis L. OSBURN, Debtor.

Beverly FARMER, Plaintiff,

v.

Curtis L. OSBURN, Defendant.

Bankruptcy No. 95–20870.

Adversary No. 96–02005A.

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Dec. 18, 1996.

Luman C. Earle, Hazlehurst, GA, for Plaintiff.

Sarah M. Tipton–Downie, Vidalia, GA, for Defendant.

## ORDER

JOHN S. DALIS, Chief Judge.

Beverly Farmer filed this Complaint against the debtor Curtis L. Osburn (hereinafter "Debtor") to determine the dischargeability of debts allegedly arising from the parties' divorce. Ms. Farmer filed her original complaint under 11 U.S.C. § 523(a)(5)[1] prior to the bar date for filing dischargeability actions, and amended her complaint to state a claim under 11 U.S.C. § 523(a)(15)[2]

---

1. 11 U.S.C. § 523(a)(5) provides:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
   (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

2. 11 U.S.C. § 523(a)(15) provides:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a

subsequent to the bar date. At the scheduled trial of this case on August 14, 1996, the Debtor orally objected to the amended complaint, alleging that it is time barred under Federal Rule of Bankruptcy Procedure (Fed. R.Bank.P.) 4007(c)[3]. The Objection is overruled.

■ Ms. Farmer filed her § 523(a)(5) action on February 1, 1996, one day before the last day for filing objections to the dischargeability of any debt. The Debtor filed his answer to the complaint on February 14, 1996, and the Court issued a notice of trial on April 25, 1996, scheduling the case for trial on June 10, 1996. On the scheduled trial date, Ms. Farmer filed an amended complaint which added a claim under § 523(a)(15). The court continued trial of the case until August 14, 1996, at which time the Debtor verbally moved to dismiss the amended complaint, arguing that the court lacked jurisdiction to hear the § 523(a)(15) Count.

■ Under Federal Rule of Civil Procedure (Fed.R.Civ.P.) 15(a)[4], made applicable to this case under Federal Rule of Bankruptcy Procedure (Fed.R.Bankr.P.) 7015, Ms. Farmer is ineligible to amend her complaint as a matter of course without either leave of the court or consent of the Debtor because the case had been set for trial prior to her filing the amendment. However, Rule 15(a) directs the court to freely grant leave to amend a pleading when justice so provides. The Debtor has not demonstrated any prejudice or harm which would arise from allowing the amendment. On the other hand, Ms. Farmer would lose her § 523(a)(15) claim if the amendment is not allowed. Equity and justice compel the amendment be allowed.

The Debtor asserts that the time limitation contained in Rule 4007(c) is jurisdictional, and that the Court lacks jurisdiction to hear the amended complaint, citing my decision in *Hsu v. Ginn (In re Ginn)*, 179 B.R. 349 (Bankr.S.D.Ga.1995). In *Hsu*, I sua sponte dismissed a creditor's § 523 complaint which was filed with the debtor's consent subsequent to the expiration of the Rule 4007(c) time limitation. The creditor had filed for and was granted three consecutive extensions to file an action to deny the debtor's discharge under 11 U.S.C. § 727, but the creditor never requested an extension for filing a § 523 action. The creditor filed the § 523 complaint subsequent to the running of the last extension to file a § 727 action, but argued that the court had authority to hear the action because the debtor had expressly consented thereto. Under the prevailing

---

divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

3. Fed.R.Bankr.P. 4007(c) provides:

**Time for Filing Complaint Under Rule 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

4. Fed.R.Civ.P. 15(a) provides:

(a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Eleventh Circuit precedent, I found the time limitation for filing a § 523 action to be jurisdictional, thereby divesting the court of subject matter jurisdiction to enter the consent judgment. *Id.* at 352, *citing Coggin v. Coggin (In re Coggin,)* 30 F.3d 1443, 1451 (11th Cir.1994) (Time limitation contained in Fed. R.Bank.P. 4004(b) raises a jurisdictional bar to § 727 action.)

 Whether the Court has jurisdiction to entertain the amended complaint depends upon whether the amended complaint relates back to the date of filing the original Complaint. A party's amended pleading relates back to the date of the original filing if the claim arises out of the conduct, transaction, or occurrence set forth in the original pleading. Fed.R.Civ.P. 15(c)[5]. Because Ms. Farmer's § 523(a)(15) complaint arises out of the same transactions and set of facts giving rise to the timely filed § 523(a)(5) complaint, the amendment relates back to the date of the original filing and is timely under Rule 4007(c). *See, Bank of La. v. Bercier (In re Bercier),* 934 F.2d 689 (5th Cir.1991) (creditor allowed to add § 523(a)(6) claim to § 523(a)(2) complaint after the bar date); *American Gen. Fin. Inc. v. Heath (In re Heath),* 114 B.R. 310 (Bankr.N.D.Ga.1990) (creditor granted leave to add § 523(a)(6) claim after court granted summary judgment on creditor's § 523(a)(4) claim); *Stone v. Stone (In re Stone),* 199 B.R. 753 (Bankr. N.D.Ala.1996) (creditor allowed to add § 523(a)(5) count to complaint which only sought determination of dischargeability under § 523(a)(15).) These facts are distinguished from the *Hsu* case wherein the creditor failed to file any complaint within the statutory time period.

It is therefore ORDERED that the Debtor's Objection to Ms. Farmer's amended complaint is OVERRULED, and that the Debtor shall file an answer to the amended complaint within thirty (30) days of the date of this order whereupon the Clerk shall set this matter for status conference at the next available hearing date.

---

**5.** Fed.R.Civ.P. 15(c) provides:
   **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
   (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or ...