In re Patty DOLLAR, a/k/a
Patty Price, Debtor.

Community Bank of Johnson
County, Plaintiff,

v.

Patty Dollar a/k/a Patty
Price, Defendant.

Bankruptcy No. 99–30628.
Adversary No. 00–03020A.

United States Bankruptcy Court,
S.D. Georgia,
Dublin Division.

Jan. 4, 2001.

Adam S. Caveney, Waters & Gross, P.C., Metter, GA, for plaintiff.

Luman C. Earle, Attorney at Law, Dublin, GA, for defendant.

## *ORDER*

JOHN S. DALIS, Chief Judge.

By joint motion pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 9024 the parties ask the Court to reconsider denial of approval of a settlement. Community Bank of Johnson County ("Plaintiff"), with the consent of Patty Dollar ("Defendant"), seeks as a part of this settlement to amend the original § 727(a)(2)[1] complaint adding a § 523(a)(6)[2] cause of action after the dead-

---

**1.** 11 U.S.C. § 727(a)(2)(A) states:

The court shall grant the debtor a discharge, unless—

2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

**2.** 11 U.S.C. § 523(a)(6) states in pertinent part:

a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—

line in FRBP 4007(c) [3] and then dismissing the § 727(a)(2) claim. Both parties seek to have their settlement approved. The § 523(a)(6) cause of action is one enumerated in § 523(c).[4] Upon reconsideration of the denial, the ruling is affirmed and leave to amend complaint is denied.

The facts are as follows. Defendant originally filed her underlying case on October 18, 1999 as a Chapter 13. By order filed February 14, 2000 I converted the case to a case under Chapter 7. The notice issued under the Chapter 7 provided:

> Papers must be received by the bankruptcy clerk's office by the following deadlines: Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: May 30, 2000

Plaintiff filed this adversary proceeding on May 22, 2000 objecting to the discharge of the Defendant pursuant to § 727(a)(2)(A). Plaintiff alleges that Defendant within one year of the date of filing the petition sold a GMC pickup truck to an unknown person with intent to hinder, delay and defraud Plaintiff. At a hearing on October 17, 2000, the parties announced that a settlement agreement had been reached. The settlement agreement allows for the dismissal of the § 727 claim on the condition that Plaintiff is permitted to amend its complaint to include a claim under § 523(a)(6) and that the § 523 claim is compromised so that only $1,000.00 of the debt is held nondischargeable. I declined

to approve the settlement based upon the untimeliness of the § 523 claim finding that the court lacked jurisdiction to hear the claim pursuant to FRBP 4007 and my prior holding in *Hsu v. Ginn (In re Ginn)*, 179 B.R. 349 (Bankr.S.D.Ga.1995) *aff'd Hsu v. Ginn*, CV695–69, slip op. (S.D. Ga. April 3, 1996). The deadline for the filing of nondischargeability complaints was May 30, 2000. On October 26, 2000 this joint motion for reconsideration praying for vacating of my October 17, 2000 ruling, allowance of the amended complaint and approval of the settlement was filed.

The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(J) & (O) and 28 U.S.C. § 1334.

The parties assert that since the original complaint was timely filed and Plaintiff is amending the complaint to add a new cause of action that arose out of the same course of conduct as the original complaint the jurisdictional issue in *Ginn* is absent. The parties rely upon my prior ruling in *Farmer v. Osburn (In re Osburn)*, 203 B.R. 811 (Bankr.S.D.Ga.1996) for support of its position. *Osburn* is distinguishable from the present case. In *Osburn*, the original complaint alleged a § 523(a)(5) exception and I allowed the amended complaint to include a claim under § 523(a)(15) after the FRBP 4007 bar date finding that the amendment related back to the original timely filed complaint. However, in this case the original complaint states a claim under § 727, threatening Defen-

---

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

**3.** FRBP 4007(c) states in pertinent part:

(c) Time for filing complaint under §§ 523(c) in a chapter 7 liquidation, notice of time fixed A complaint to determine the dischargeability of a debt under §§ 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §§ 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the

court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

**4.** 11 U.S.C. § 523(c) in pertinent part:

(c)(1) [with exception not relevant here] ..., the debtor shall be discharged from a debt of the kind specified in paragraph ... (6) ... of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph ... (6) ... of subsection (a) of this section.

dant's entire discharge and now after time has expired under FRBP 4007 Plaintiff seeks to assert a completely different cause of action under § 523. In *Osburn* the plaintiff, the debtor's former wife, filed the adversary complaint seeking to except divorce-related debts from a discharge as spousal support pursuant to § 523(a)(5) [5]. After the deadline imposed pursuant to FRBP 4007(c) she sought to amend her complaint to include a § 523(a)(15) count.[6] "Because Ms. Dollar's § 523(a)(15) complaint arises out of the same transactions, and set of facts giving rise to the timely filed § 523(a)(5) complaint, the amendment relates back to the date of the original filing and is timely under Rule 4007(c). (citations omitted)." *In re Osburn*, 203 B.R. at 813. FRBP 7015(c)(2) [7]. In *Osburn*, I found that "the Debtor has not demonstrated any prejudice or harm which would arise from allowing the amendment." *In re Osburn*, 203 B.R. at 812. Such is not the case in the present action.

Although the defendant debtor would significantly benefit by the allowance of the amended complaint the defendant's other creditors would be significantly harmed. This is the very scenario I objected to in *Ginn*. As stated in *Ginn*,

> Whether Mr. Hsu had or was able to discover grounds to support an objection to discharge within the period of extension is unknown. What is known is that during the period of extension of time for filing an objection to discharge, Mr. Hsu was able to extract the post-bar date consent of the debtor to nondischargeability of this debt and thereby place himself in a position superior to other creditors. With the discharge of the debtor's other debts, the collect ability of Mr. Hsu's debt greatly improves. If a valid basis existed for an objection to the discharge of the debtor, the debtor should not be permitted to persuade this or any other creditor to assert instead a post-bar date § 523 exception to dischargeability of that complaining

**5.** 11 U.S.C. § 523(a)(5) provides in pertinent part:

(a) A discharge under subsection 727 ... of this title does not discharge an individual debtor from any debt—...
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with the State or territorial law by a governmental unit, or a property settlement agreement, but not to the extent that—
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise, other than a debt assigned pursuant to section 408(a)(3) of the Social Security Act, or any debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

**6.** 11 U.S.C. § 523(a)(15) provides in pertinent part:

(a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—...

(15) not of a the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance and support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
(B) discharging such debt would result in a benefit to the debtor that out weighs the detrimental consequences to a spouse, former spouse, or child of the debtor

**7.** Federal Rule of Bankruptcy Procedure 7015 provides that Federal Rule of Civil Procedure 7015 applies in adversary proceedings. FRCP 15(c)(2) provides:

(c) relation back of amendments. An amendment of a pleading relates back to the date of the original pleading when under ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ....

creditors debt in order to silence the creditor and avoid a complete denial of discharge. Nor should a complaining creditor be able to use the threat of a § 727 objection to discharge as leverage to negotiate the debtor's concession to nondischargeability of that creditor's debt under § 523. Determining the bar date is jurisdictional reduces the potential for this abuse of the bankruptcy process.

*In re Ginn,* 179 B.R. at 352.

In *Ginn,* a creditor receive three extensions of the § 727 deadline as defined in FRBP 4004 to file a complaint. After the deadline had run for both § 727 and § 523 claims, the creditor filed a complaint under § 523 and this Court sua sponte dismissed the complaint for lack of subject matter jurisdiction. *Ginn,* 179 B.R. at 352. *Ginn* was affirmed by the district court which held "the deadlines in Rule 4004(a) and Rule 4007(c) are mandatory and jurisdictional, so that failure to act within them operates as a complete bar to the maintenance of an action under § 523(a)(2), (4), (6) and 727." *Hsu v. Ginn,* CV695-69, slip op. at 9 (S.D. Ga. April 3, 1996). Applying the rule of *Ginn* to the present case, the Court sustains its rejection of the settlement agreement and denies Plaintiff's motion for leave to amend due to lack of subject matter jurisdiction to hear the § 523 complaint after the deadline in Rule 4007 has passed.

The parties are attempting to circumvent the right of other creditors, the underlying Chapter 7 case trustee or the U.S. Trustee to intervene and prosecute the timely filed objection to discharge. FRBP 2018.[8] Here, the settlement is conditioned upon dismissal of the 727 objection to discharge and allowance of the amended complaint raising the now time barred § 523(a)(6) complaint compromised for $1,000.00. The soundness of the *Ginn* rationale is born out in this case.

The motion to reconsider denial of approval of settlement, having been read and considered is ORDERED denied. This adversary proceeding will continue to trial as scheduled.

---

8. Federal Rule of Bankruptcy Procedure 2018 provides intervention; right to heard

(a) Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.