In re Wayne Allen KALLSTROM and Michel Jo Kallstrom, Debtors.

**Bank One, a National Banking Association, Plaintiff–Appellant,**

v.

**Wayne Allen Kallstrom and Michel Jo Kallstrom, Defendants–Appellants.**

BAP No. NO–03–008.
Bankruptcy No. 01–02310–M.
Adversary No. 01–00316–M.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 16, 2003.

James E. Weger, Jones, Givens, Gotcher & Bogan, P.C., Tulsa, OH (Jon M. Payne and Dana Yeatman Baldwin with him on the brief), for Plaintiff–Appellant.

J. Scott McWilliams, Tulsa, OH (Richard Chapman within him on the brief), for Defendants–Appellants.

Before CLARK, NUGENT, and THURMAN, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

The Chapter 7 debtors, Wayne Allen and Michel Jo Kallstrom (collectively, the "Debtors"), and creditor Bank One (Bank) jointly appeal an Order of the United States Bankruptcy Court for the Northern District of Oklahoma refusing to approve their settlement of an adversary proceeding commenced pursuant to 11 U.S.C.

§ 727(a).[1]  For the reasons set forth below, we AFFIRM.

## I.  *Background*

The Debtors were shareholders and principals of K–Construction, Inc. Debtor Wayne Kallstrom, as president of K–Construction, Inc., executed three promissory notes in favor of the Bank (Notes).  Each of the Notes was secured by a security interest in numerous assets, including equipment (Equipment), and a Commercial Guaranty, under which Mr. Kallstrom personally guaranteed K–Construction, Inc.'s debt.

K–Construction, Inc. subsequently filed a Chapter 7 case, and several months later, the Debtors filed their Chapter 7 case. The Debtors scheduled over $1.9 million in debt, including a debt to the Bank in the approximate amount of $50,000.  It is undisputed that when the Debtors' petition was filed, the whereabouts of the Equipment was unknown.

The Bank filed a timely Complaint against the Debtors, seeking a denial of their discharge.  In the Complaint and a later Amended Complaint, the Bank set forth three causes of action.  The first cause of action maintained that the Debtors' discharge should be denied under § 727(a)(5) because they could not explain the whereabouts of the Equipment.  In the second cause of action, the Bank alleged that the Debtors' discharge should be denied pursuant to § 727(a)(4)(A) because they made false oaths about the Equipment in K–Construction, Inc.'s Chapter 7 case and in their personal Chapter 7 case.  Finally, in the third cause of action, the Bank asserted that the Debtors failed to adequately maintain records of the Equipment and, therefore, their discharge should be denied under § 727(a)(3).

No causes of action pursuant to § 523(a) were asserted by the Bank in its Complaint or Amended Complaint.  Rather, relief under § 523(a) was generally alluded to in its papers.[2]  The Bank did not state which of the subsections of § 523(a) it was proceeding, and it did not specifically set forth any facts in connection with a § 523(a) cause of action.

On the scheduled trial date, the Appellants appeared before the bankruptcy court and announced that they had agreed to settle the adversary proceeding (Settlement).  The bankruptcy court advised the Appellants to file and serve the appropriate documents related to the Settlement.  The Appellants filed a "Notice of Terms of

---

1.  Unless otherwise stated, all future statutory reference are to title 11 of the United States Code.

2.  The only references to § 523 were as follows.  In the original Complaint, the Bank states: "Bank One prays this Court deny Kallstrom's [sic] discharge, or in the alternative issue an order determining that the debt owed by Defendants to Plaintiff is non-dischargeable, and for such other relied [sic] as is just and proper."  Complaint at 5, *in* Appellants' Appendix at Tab D.

The prayer for relief in the Amended Complaint states: "Alternatively, Bank One alleges that the debt owed by the Kallstroms to Bank One is non-dischargeable."  Amended Complaint at 2, *in* Appellants' Appendix at Tab F.

The Bank further prayed that the Debtors' discharge be denied, "or in the alternative, [that the bankruptcy court] grant Bank One an exception to discharge for an in personam judgment to reflect the value of [certain] assets [that secured K–Construction's debt]." *Id.* at 5.

The Pretrial Conference Order, submitted by the parties and executed by the bankruptcy court, did not mention § 523(a), other than in the jurisdictional statement, where § 523 is listed as a basis for jurisdiction, and in the list of legal issues, where the last issue is stated: "Is the debt owed to Bank One by Defendants non-dischargeable under 11 U.S.C. § 523?"  Pretrial Conference Order at 8, *in* Appellants' Appendix at Tab H.

Settlement" (Settlement Notice), summarizing the Settlement as follows: (1) The Bank would voluntarily dismiss its § 727(a) causes of action against the Debtors; (2) the Bank would receive a nondischargeable judgment against the Debtors in the amount of $60,000, plus interest; (3) the Debtors would make monthly payments to the Bank in the amount of $450, until $50,000 was paid; and (4) if the Debtors timely paid $50,000, the Bank would not require the Debtors to pay the remaining $10,000 owed. The Settlement Notice was served only on the Chapter 7 trustee.

When the Settlement Notice was presented to the bankruptcy court, the court entered an "Order Regarding Plaintiff's Notice of Terms of Settlement" (Settlement Notice Order), stating:

> Before deciding whether to allow the dismissal of this adversary proceeding, the Court requires the Notice and the fact that the Plaintiff seeks dismissal of an objection to discharge under 11 U.S.C. § 727 to be noticed to all creditors and parties in interest in the underlying bankruptcy case, and that said creditors be given an opportunity to assume the prosecution of this adversary proceeding.[3]

The bankruptcy court advised the Appellants that they "should be prepared to submit whatever evidence they deem[ed] necessary for the Court's full consideration and determination of the proposed settlement."[4]

The Settlement Notice and the Settlement Notice Order were served on all parties in interest in the Debtors' case. No responses or objections to the Settlement were filed, and no creditor requested an opportunity to assume prosecution of the Bank's § 727(a) proceeding.

At the hearing on the Settlement, neither the Bank nor the Debtors presented any evidence in support of the Settlement. The bankruptcy court took the matter of whether it should approve the Settlement under advisement, and later issued a bench ruling refusing to approve the Settlement. It held that settlement of a § 727(a) action may be appropriate when it is in the best interest of the estate, and any consideration is paid to the estate for the benefit of all creditors. The Appellants' Settlement proposed that the consideration thereunder be paid solely to the Bank and, therefore, it would not be approved. The bankruptcy court determined that Bank's receipt of consideration in exchange for dismissal of the § 727(a) proceeding created the appearance that the Debtors were buying their discharge. This was especially so in light of the fact that the Bank had not asserted a § 523(a) cause of action with any particularity. On this later point, the bankruptcy court stated that while a § 523(a) cause of action may be settled as a "private matter between debtor and creditor[,] ... there ha[d] never been a meaningful claim of pleading of a Section 523 claim."[5] The bankruptcy court concluded: "[O]n the facts before the Court, the proposed settlement appears to be on its face a quid pro quo buying of the discharge, cash in exchange for a dismissal of a Section 727 action."[6] This bench ruling was incorporated by reference into the bankruptcy court's "Order Regarding Plaintiff's Notice of Terms of Settlement" (Settlement Order), and a trial date was scheduled.

---

**3.** Settlement Notice Order at 1–2, *in* Appellants' Appendix at Tab N.

**4.** *Id.* at 2.

**5.** Transcript dated Jan. 13, 2003 at 7, *in* Appellants' Appendix at Tab Q.

**6.** *Id.*

The Appellants timely filed a Joint Notice of Appeal from the Settlement Order.[7] A panel of this Court granted the Appellants leave to appeal the interlocutory Settlement Order pursuant to 28 U.S.C. § 158(a)(3), and the Appellants have consented to this Court's jurisdiction inasmuch as they have not elected to have this appeal heard by the United States District Court for the Northern District of Oklahoma.[8] The bankruptcy court has stayed its scheduled trial pending the outcome of this appeal.

## II. *Discussion*

■■■■ The issue in this appeal is whether the bankruptcy court erred in refusing to approve the Appellants' unopposed Settlement. Federal Rule of Bankruptcy Procedure 9019, which governs compromises and settlements in bankruptcy, is expressly discretionary, stating that the bankruptcy court "may approve a compromise or settlement."[9] It is well-established that:

A bankruptcy court's approval of [or refusal to approve] a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion. The bankruptcy court's decision to approve [or not approve] the settlement, however, must be an in-

formed one based upon an objective evaluation of the developed facts.[10]

An "abuse of discretion" exists when the appellate court has "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[11] Abuse of discretion may occur when the bankruptcy court bases its decision on an erroneous conclusion of law.[12] Based on the applicable law and the facts of this case, we conclude that the bankruptcy court did not abuse its discretion in refusing to approve the Appellants' unopposed Settlement.

The Appellants' Settlement proposed to dismiss the Bank's § 727(a) causes of action against the Debtors. Dismissal of such claims is specially treated under Federal Rule of Bankruptcy Procedure 7041. To put this special treatment in context, however, we must preface our analysis of Bankruptcy Rule 7041 with a discussion of § 727(a) and the policies applicable to the discharge afforded thereunder.

■■■ Section 727(a) states that the bankruptcy "court shall grant the debtor a discharge, unless"[13] a trustee, creditor or the United States trustee timely objects to the granting of the a discharge,[14] and proves its case under one of the § 727(a) subsec-

---

7. *See* Fed. R. Bankr.P. 8002(a).

8. *See* 28 U.S.C. § 158(c).

9. Fed. R. Bankr.P. 9019(a).

10. *Reiss v. Hagmann,* 881 F.2d 890, 891–92 (10th Cir.1989)(citing cases), *quoted in In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1022 (10th Cir. BAP 1997); *see American Employers' Ins. Co. v. King Resources Co.,* 556 F.2d 471, 478–79 (10th Cir.1977) (citing cases).

11. *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (citation and quotation omitted).

12. *Kiowa Indian Tribe v. Hoover,* 150 F.3d 1163 (10th Cir.1998).

13. 11 U.S.C. § 727(a); *see* Fed. R. Bankr.P. 4004(c)(1) ("on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case ... the court *shall forthwith grant the discharge,* unless ... (B) a complaint objecting to the discharge has been filed[.]") (emphasis added).

14. 11 U.S.C. § 727(a), (c)(1); Fed. R. Bankr.P. 4004(b)–(c).

tions by a preponderance of the evidence.[15] "A discharge ... discharges the debtor from all debts that arose before the date of the order for relief ... and any liability on [prepetition] claim[s]." [16] The discharge afforded under § 727 is the very essence of bankruptcy principle because "a central purpose of the [Bankruptcy] Code is to provide a procedure by which ... debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' "[17] Accordingly, § 727 is considered "the heart of the fresh start provisions of the bankruptcy law." [18]

■ Because of the importance of the discharge in bankruptcy, the grounds for denying a discharge as set forth in subsections (1) through (10) of § 727(a), are narrowly construed.[19] But, although narrowly construed, the significance of these subsections cannot be overlooked. All of the § 727(a) subsections, other than subsection (1), stating that a discharge may not be granted to a debtor who is not an individual, and subsection (10), permitting a debtor to waive discharge by a court-approved written agreement, disallow a debtor's discharge or "fresh start" if the debtor has engaged in acts that undermine the integrity of the bankruptcy system.[20] These reasons for denying a discharge, therefore, serve to facilitate the "basic policy animating the [Bankruptcy] Code" [21] which "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor.' "[22]

■ Restricting the issuance of discharges to honest debtors is important to the legitimacy and integrity of the bankruptcy process. Similarly, the legitimacy and integrity of the process requires that the § 727 discharge, a right created by Congress and adjudicated and granted by the federal courts, not be treated as a

15. *Id.* at 4005 ("At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection."); *Gullickson v. Brown (In re Brown),* 108 F.3d 1290, 1292–93 (10th Cir.1997) (preponderance of the evidence standard applies); *The First Nat'l Bank v. Serafini (In re Serafini),* 938 F.2d 1156, 1157 (10th Cir.1991) (same); *cf. Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (holding that a creditor objecting to the dischargeability of a debt under § 523(a) must prove its case by a preponderance of the evidence).

16. 11 U.S.C. § 727(b); *see id.* at § 524.

17. *Grogan,* 498 U.S. at 287, 111 S.Ct. 654 (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), *quoted in Brown v. Felsen,* 442 U.S. 127, 128, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)); *see generally, United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) ("discharge represents an independent ... public policy in favor of extricating an insolvent debtor from what would otherwise be a finan-

cial impasse.") (citations and internal quotations omitted).

18. S.R. 989, 95th Cong., 2d Sess. 98 (1978); H.R. 595, 95th Cong., 1st Sess. 384 (1977).

19. *Brown,* 108 F.3d at 1292.

20. *Compare* 11 U.S.C. § 727(a) (preventing the discharge of all of the debtor's debts when the debtor has engaged in bad acts that undermine the bankruptcy system as a whole) *with id.* at § 523(a) (preventing the discharge of a debt obtained as a result of an injury to a single creditor).

21. *Cohen v. de la Cruz,* 523 U.S. 213, 217, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

22. *Grogan,* 498 U.S. at 287, 111 S.Ct. 654 (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), *quoted in Brown,* 442 U.S. at 128, 99 S.Ct. 2205), *quoted in Cohen,* 523 U.S. at 217, 118 S.Ct. 1212; *see Brown v. Felsen,* 442 U.S. 127, 128–29, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

commodity.[23] Accordingly, the discharge "is not a proper subject for negotiation and the exchange of a *quid pro quo*" between a debtor and creditors.[24] In fact, such an exchange may be criminal.[25] A creditor, therefore, may not initiate a § 727(a) proceeding as a tool in negotiating the nondischargeability of a debtor's debt to it.[26] Furthermore, a debtor may not obtain a discharge by paying a creditor who has filed a § 727(a) complaint in exchange for dismissal of the complaint.

■ This policy of preventing the trafficking of discharges is articulated in Federal Rule of Bankruptcy Procedure 7041, which governs the dismissal of adversary proceedings in bankruptcy.[27] While plaintiffs usually have a right to dismiss civil complaints when all parties to the litigation have agreed to do so,[28] Bankruptcy Rule 7041 restricts that right in § 727(a) proceedings, stating:

> Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems appropriate.[29]

This Rule plainly affords the bankruptcy court considerable discretion in determining whether a § 727(a) complaint should be dismissed at the request of a plaintiff, and if so under what terms and conditions.[30]

23. *See generally, Kras,* 409 U.S. at 447, 93 S.Ct. 631.

24. *State Bank of India v. Chalasani (In re Chalasani),* 92 F.3d 1300, 1310 (2d Cir.1996); *accord In re Levy,* 127 F.2d 62, 63 (3rd Cir. 1942).

25. *See, e.g.,* 18 U.S.C. § 152(5)–(6).

26. The grounds for denial of a discharge under § 727(a) are wholly separate from those for excepting a single debt from discharge under § 523(a). *See supra* n. 20 and discussion *infra.*

27. Fed. R. Bankr.P. 7041, Advisory Committee Note ("Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest.")

28. Fed.R.Civ.P. 41(a)(1)(ii) ("an action may be dismissed by the plaintiff without order of the court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action.")

29. Fed. R. Bankr.P. 7041. This Rule applies to § 727(a) proceedings. *Id.* at 4004(d) (an objection to the entry of a debtor's discharge pursuant to § 727(a) must be brought by adversary proceeding, and such a proceeding "is governed by Part VII" of the Federal Rules of Bankruptcy Procedure); *see id.* at 7001(4).

There are no issues in this appeal regarding the notice required under Rule 7041. No one argues that notice was improper, and the discussion *supra* demonstrates that the bankruptcy court properly required notice of the Settlement to all parties.

30. *Accord, Wolinsky v. Maynard (In re Maynard),* 269 B.R. 535 (D.Vt.2001) (settlement of § 727(a) proceeding is within discretion of the court) (citing numerous cases), *rev'g, Wolinsky v. Maynard (In re Maynard),* 258 B.R. 91 (Bankr.D.Vt.2001) (§ 727(a) actions can never be settled); *Lindauer v. Traxler (In re Traxler),* 277 B.R. 699 (Bankr.E.D.Tex.2002) (approval of § 727(a) proceeding is within the discretion of the court-discussing three views); *Hass v. Hass (In re Hass),* 273 B.R. 45 (Bankr.S.D.N.Y.2002) (same); *In re Bates,* 211 B.R. 338 (Bankr.D.Minn.1997) (rejecting *pre se* rule barring settlement of § 727(a) actions, but it is wrong *per se* to allow consideration for settlement to be paid solely to plaintiff-creditor) (citing numerous cases); *Tindall v. Mavrode (In re Mavrode),* 205 B.R. 716 (Bankr.D.N.J.1997) (approval of § 727(a) proceeding is within the discretion of the court) (citing cases); *In re Taylor,* 190 B.R. 413 (Bankr.D.Colo.1995) (same); *but see In re Le-*

Against this background of § 727(a) and the policies that it embodies, and the plain language of Bankruptcy Rule 7041, we conclude that the bankruptcy court's refusal to approve the Appellants' unopposed Settlement was not an abuse of discretion given the facts in this case. By its very terms, the Settlement requires the Debtors to pay the Bank and, in exchange, the Bank has agreed to dismiss its § 727(a) causes of action against the Debtors. This *quid pro quo* exchange is exactly what Bankruptcy Rule 7041 discourages, and the Appellants failed to present any evidence showing that the Settlement was something other than what it appears on its face.[31]

In so holding, we note the significance, as did the bankruptcy court, that the Settlement did not dismiss a § 523(a) proceeding. Such proceedings are not subject to the limitations on dismissal applicable to § 727(a) complaints under Bankruptcy Rule 7041.[32] This distinction exists because § 523(a) excepts individual debts from discharge, as opposed to § 727(a), which prevents a discharge of all debts. The dismissal of a § 523(a) complaint, therefore, does not have the magnitude of a dismissal of a § 727(a) complaint—dismissal of a § 523(a) complaint only affects the rights between the individual creditor-plaintiff and the debtor.[33]

Here, the Bank did not assert a § 523(a) cause of action against the Debtors. Neither the Complaint nor the Amended Complaint contain "a short and plain statement of the claim showing that the [Bank was] entitled to relief" under § 523(a).[34] Rather, these papers only assert causes of action pursuant to § 727(a), which contains wholly different elements than any of the subsections of § 523(a). The general references to nondischargeability and § 523(a) were not, even under a liberal reading of the papers, sufficient to give the Debtors fair notice of what the Bank was claiming under § 523(a) or the grounds on which such a claim would have been based.[35] Furthermore, and significantly,

---

*vine*, 287 B.R. 683 (Bankr.E.D.Mich.2002) (settlement of § 727(a) action is never appropriate); *In re Margolin*, 135 B.R. 671 (Bankr. D.Colo.1992) (settlement proper if unopposed after notice and full disclosure); *In re Moore*, 50 B.R. 661 (Bankr.E.D.Tenn.1985) (settlement of § 727(a) action is never appropriate).

**31.** The Appellants take issue with the bankruptcy court's holding that the Settlement of a § 727(a) action is never appropriate "where the entire benefit of the settlement goes to the objecting creditor." Transcript dated Jan. 13, 2003 at 81–82, *in* Appellants' Appendix at Tab Q (relying on *Bates*, 211 B.R. at 346 (quotations and citations omitted) (citing *Bank One v. Smith (In re Smith)*, 207 B.R. 177, 178 (Bankr.N.D.Ind.1997))). We need not address whether such a *per se* rule is appropriate because the record in this case shows that the bankruptcy court's refusal to approve the Appellants' Settlement was not an abuse of discretion given the facts in this case.

**32.** A complaint asserting causes of action under § 523(a) may, therefore, be dismissed by stipulation of the parties under Fed.R.Civ.P. 41(a)(1)(ii) and Fed. R. Bankr.P. 7041. Of course, such an agreement would be subject to court approval under Fed. R. Bank. P. 9019 and the standards that apply thereunder.

**33.** A debtor may agree to repay a creditor post-discharge. 11 U.S.C. § 524(f) ("Nothing contained in subsection (c) or (d) of this section [dealing with reaffirmation] prevents a debtor from voluntarily repaying any debt[.]"); *but see* 18 U.S.C. § 152(6) (it is a crime to knowingly and fraudulently give, offer, receive or obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in a bankruptcy case).

**34.** Fed.R.Civ.P. 8(a); Fed. R. Bankr.P. 7008.

**35.** *See, e.g., Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon

the Settlement itself does not mention dismissal of a § 523(a) cause of action. All of these facts support our decision that the bankruptcy court did not err in refusing to approve the Appellants' unopposed Settlement.

The Appellants rely heavily on the argument that the bankruptcy court does not have the authority "to force parties to pursue litigation they have no desire or interest in pursuing." [36] Yet, this is exactly what Bankruptcy Rule 7041 authorizes. Furthermore, as recognized by the Appellants, bankruptcy courts, in exercising their discretion under Bankruptcy Rule 9019, may consider, *inter alia,* whether the proposed settlement promotes the integrity of the judicial system.[37] The bankruptcy court acted well within the bounds of its authority.

It is important to recognize that the bankruptcy court has not mandated a trial of the Bank's § 727(a) proceeding to make the parties "incur expenses in time and money against their will." [38] The bankruptcy court simply rejected the Settlement proposed by the Appellants. Other settlement terms are conceivable that may not run afoul of the principles that Bankruptcy Rule 7041 protects as discussed herein.

Finally, we are compelled to address the Appellants' argument that the "Bankruptcy Court should not be allowed to force Bank One to pursue an action on behalf of all interested parties when apparently none of those parties was ever inclined to pursue their own § 727 action." [39] While it is correct that no other creditor commenced a § 727(a) proceeding against the Debtors or stepped forward to assume prosecution of the Bank's proceeding, no creditor in the Debtors' case obtained a nondischargeable debt as a result of the filing of a § 727(a) proceeding as would the Bank if the Settlement were approved. We find it difficult to understand how the Bank can claim that it should be entitled to a nondischargeable judgment against the Debtors when it did not plead causes of action pursuant to § 523(a), and it has admitted that any conceivable action under that section or under § 727(a) would be without merit.[40] This argument indicates that the Bank's § 727(a) proceeding was used improperly to extract payment of a dischargeable prepetition debt from the Debtors.[41] The bankruptcy court did not err in rejecting the proposed Settlement.

## III. *Conclusion*

For the reasons stated above, the bankruptcy court's Settlement Order is AFFIRMED.

---

which it rests"); *accord In re Johannessen,* 76 F.3d 347 (11th Cir.1996); *see, e.g., Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir. 1996); *Monument Builders v. Am. Cemetery Ass'n,* 891 F.2d 1473, 1480 (10th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 498 (1990).

36. Appellants' Brief at 12.

37. *Id.* at 14; *see Bates,* 211 B.R. at 343 (citing cases).

38. Appellants' Brief at 12.

39. *Id.*

40. *Id.* at 15 ("Bank One has exhausted all known avenues for locating its collateral and has neither found those assets, nor found any reliable evidence indicating the Kallstroms have been untruthful with Bank One, the Bankruptcy Court or the Trustees [sic].")

41. *See, e.g.,* 18 U.S.C. § 152(5)–(6).