**In re Richard DELCO, Debtor.**

**No. 04–92036–MHM.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 22, 2005.

Warren Josephson, Atlanta, GA, for Debtor.

Martha A. Miller, Martha A. Miller, PC, Atlanta, GA, for trustee.

### ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

Before the court is Trustee's motion for approval of a settlement and compromise of claims and of Adversary Proceeding No. 04–6377, which is an objection to discharge under § 727. The joint plaintiffs in that adversary proceeding are Trustee and Sheryl Fambrough. The settlement provides that *certain* creditors holding unsecured claims, including Ms. Fambrough, will be paid 50% of their claims, an aggregate amount of $24,142.66, by Debtor's parents. Additionally, Debtor's parents will pay $3,500 to the estate to be used for the payment of administrative expenses. In return, Trustee, Ms. Fambrough and the other creditors propose to release each other and Debtor and his parents from all claims, apparently including Trustee's objection to Debtor's discharge.

Settlement of an objection to a debtor's discharge for payment of money is tantamount to allowing a debtor, or in this case, his parents, to purchase his discharge. *In re Wilson,* 196 B.R. 777 (Bankr.N.D.Ohio 1996); *In re Maynard,* 258 B.R. 91 (Bankr.D.Vt.2001); *Moister v. Vickers,* 176 B.R. 287 (Bankr.N.D.Ga.1994)(J. Massey). Public policy requires that any attempt to compromise a proceeding to deny Debtor's discharge based upon the payment of money must be disallowed. The policies that support this rule are two-fold. First, a compromise in which a party agrees, in exchange for the payment of money, to dismiss an action to deny a debtor's discharge is tantamount to allowing a debtor to purchase a discharge. *In re Wilson,*

196 B.R. 777 (Bankr.N.D.Ohio 1996); *In re Maynard,* 258 B.R. 91 (Bankr.D.Vt.2001); *Moister v. Vickers,* 176 B.R. 287 (Bankr.N.D.Ga.1994)(J. Massey). Second, allowing the dismissal of an action to deny a debtor's discharge to be conditional upon Debtor's payment of money encourages the use of an objection to discharge as a weapon to induce the debtor accede to demands which may be otherwise excessive. This court does not suggest or conclude that Trustee in the instant case in fact intended either to sell the discharge or to coerce Debtor to agree to a settlement. Nevertheless, to uphold these policies, settlements which involve the dismissal of an objection to discharge in return for the payment of money must be disapproved.

If the Trustee is convinced that the complaint to deny Debtor's discharge is without merit, she should dismiss it. If she is not, the adversary proceeding should proceed. Trustee's ability to recover transfers which were fraudulent or preferential is independent of any claims Trustee may assert to deny Debtor's discharge. The avoidance of those transfers or failure to do so will not alter the conduct or the intent behind the conduct upon which Trustee's objection to discharge is based. *See Davis v. Davis,* 911 F.2d 560 (11th Cir.1990). The proposed settlement appears to be a shortcut which, perhaps unintentionally, violates public policy. Accordingly, it is hereby

ORDERED that Trustee's motion for approval of settlement and compromise is denied.