In re James G. McCUTCHEON, Debtor.

Donald F. Walton, U.S.
Trustee, Plaintiff,

v.

James G. McCutcheon, Defendant.

Bankruptcy No. 09–90865–MHM.
Adversary No. 10–6226.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 7, 2011.

R. Jeneane Treace, Office of the United States Trustee, Atlanta, GA, for Plaintiff.

William T. Payne, Decatur, GA, for Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

MARGARET H. MURPHY,
Bankruptcy Judge.

In this adversary proceeding, the United States Trustee ("Trustee") seeks a determination that the debts in Debtor's current bankruptcy case should be determined nondischargeable under § 523(a)(10) because they are the same debts listed by Debtor in a prior case in which Debtor waived his discharge. As the facts are essentially undisputed, Trustee filed a motion for summary judgment, which Debtor opposes.

On April 25, 2001, Debtor filed Chapter 7 Case Number 01–65565 (the "First Case").[1] On August 6, 2001, a creditor objected to Debtor's discharge and sought a determination of non-dischargeability of the creditor's claim in Adversary Proceeding No. 01–6336. The Chapter 7 Trustee later joined as a plaintiff as to the objection to discharge in that adversary proceeding.

When Debtor filed the First Case, he was represented by attorney Graydon Florence. At a hearing held October 23, 2002, Mr. Florence appeared with Debtor and with the opposing parties in the adversary proceeding to present a proposed settlement. The settlement proposed payment of expenses to the Chapter 7 trustee

---

1. This case was initially assigned to Judge Joyce Bihary. The case was reassigned to Judge Paul W. Bonapfel April 14, 2002, who recused August 9, 2002, and the case assign-ment was returned to Judge Bihary. On February 4, 2004, the case was reassigned to Judge Mary Grace Diehl.

and payment of money to the creditor, followed by dismissal of Debtor's bankruptcy case.[2]

The bankruptcy court refused to approve the parties' proposed settlement, however, because an objection to discharge must be pursued or dismissed; compromise or settlement is not an option under § 727(a). *See Bank One v. Kallstrom,* 298 B.R. 753 (10th Cir. BAP 2003); *Community Bank of Johnson County v. Dollar,* 257 B.R. 364 (Bankr.S.D.Ga.2001); *Wolinsky v. Maynard,* 258 B.R. 91 (Bankr.D.Vt. 2001); *In re Wilson,* 196 B.R. 777 (Bankr. N.D.Ohio 1996); *In re Maynard,* 258 B.R. 91 (Bankr.D.Vt.2001); *In re Delco,* 327 B.R. 491 (Bankr.N.D.Ga.2005) (J. Murphy). The transcript of the October 23, 2002 hearing shows that the bankruptcy judge responded to Debtor's question about a waiver of discharge and explained to Debtor some of the consequences of choosing to waive his discharge rather than litigate the objection to discharge. Subsequently, the trial was rescheduled for December 11, 2002.

Based upon Debtor's affidavit filed in the instant adversary proceeding, when it appeared that the objection to discharge would go to trial, attorney Florence suggested Debtor find other counsel. Debtor contacted attorney Evan Altman and paid him $5,000 to appear and represent Debtor at the trial scheduled for December 11, 2002.[3] Mr. Altman requested a continuance, which was denied. According to Debtor, Mr. Altman requested another $5,000 to proceed, which Debtor could not pay. Debtor avers that Mr. Altman then advised Debtor to waive his discharge and that Mr. Altman failed to advise Debtor of the consequences of a waiver of discharge.

Debtor asserts that he believed that a waiver of discharge would allow him to "come back into bankruptcy court and fight another day when I could afford it."

The following day, the waiver of discharge, signed by Debtor and by Mr. Florence, was filed. A notice of the waiver of discharge, reciting that it had been approved by the bankruptcy court, was mailed to creditors December 22, 2002. Debtor asserts that he should be relieved of the effect of the waiver of discharge because he executed it without understanding the consequences. Debtor does not dispute that all the debts listed in his current bankruptcy case were also listed in the First Case.

 Under § 523(a)(10), a discharge does not discharge an individual from any debt:

> that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a) ... [.]

The Bankruptcy Code imposes four requirements for an effective discharge waiver: (1) the waiver must be in writing; (2) it must be signed by the debtor; (3) it must be filed post-petition; and (4) it must be approved by the court. § 727(a)(10). A waiver is the intentional relinquishment or abandonment of a known right. *Asbury v. Alliant Bank,* 423 B.R. 525 (8th Cir. BAP 2010), *citing Kontrick v. Ryan,* 540 U.S. 443, 458 n. 13, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

The case law concerning vacating or avoiding the effect of a waiver of discharge is scarce. In the case of *In re Eliscu,* 163

---

**2.** The dismissal of the main bankruptcy case would result in termination of the objection to discharge.

**3.** No motion to withdraw was ever filed by Mr. Florence and no notice of appearance was ever filed by Mr. Altman.

B.R. 335 (Bankr.N.D.Ill.1994), the motion of the debtor to vacate a waiver of discharge filed four years earlier was denied. The court noted that the time limits for seeking relief under Bankruptcy Rules 9023 or 9024 had expired; and the court relied on the bankruptcy court's approval of the waiver at the time it was filed. Debtor's asserted misunderstanding of the effect of the waiver of discharge was accorded little weight.

In the case of *Glover v. Herzog*, 2003 WL 22890096 (Bankr.N.D.Miss.2003) [not reported in B.R.], the debtor had executed in a prior case a waiver of discharge and then filed a subsequent bankruptcy case in which he attempted to discharge a claim that had been listed in the prior case. The creditor filed an adversary proceeding seeking a determination that its claim was non-dischargeable under § 523(a)(10), and then filed a motion for summary judgment, which was granted. In granting that motion, the court relied principally on the doctrine of judicial estoppel to completely discount the debtor's averments that he did not understand the consequences of his waiver of discharge.

In the instant proceeding, the record shows that the effect of a waiver of discharge was adequately explained to Debtor by the bankruptcy judge at the hearing held October 23, 2002. Additionally, Debtor had ample opportunity to consult with two attorneys about the meaning and consequences of a waiver of discharge. Now, in a case filed almost seven years after Debtor executed the waiver of discharge, Debtor seeks to avoid the effects of the waiver by averring that he did not understand the consequences of his actions. Debtor's assertions, like those of Potiphar's wife, are easily made but not easily defended, especially after so much time has passed, which is likely the reason that § 727(a)(10) requires approval of a waiver

of discharge by a bankruptcy judge. Debtor has presented insufficient evidence to support his allegation that his waiver of discharge was defective in any way. Accordingly, it is hereby

ORDERED that the U.S. Trustee's motion for summary judgment is *granted.*

IT IS SO ORDERED.

### JUDGMENT

In accordance with the order entered contemporaneously with this judgment, **judgment** is hereby entered for Plaintiff against Defendant. The debts listed in Debtor's main bankruptcy case are non-dischargeable under § 523(a)(10).