**In re Baqar SHAH, Debtor.**

**Mahendra Mehta, Plaintiff,**

v.

**Baqar Shah, Defendant.**

**Bankruptcy No. 01–31236–H3–7.**
**Adversary No. 01–3224.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 18, 2006.

---

Ronald M. Gipson, Gipson and Norman, Galveston, TX, for Debtor.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has held a trial on the instant adversary proceeding. The court previously narrowed the issues pursuant to a pretrial order (Docket No. 161) entered May 4, 2006, to claims for exception to discharge pursuant to Sections 523(a)(2) and 523(a)(4) of the Bankruptcy Code, and for denial of discharge pursuant to Sections 727(a)(3) and 727(a)(4) of the Bankruptcy Code. At the close of Plaintiff's evidence, the court granted judgment for Defendant on partial findings as to the claims under Sections 523(a)(2) and 727(a)(3) of the Bankruptcy Code, leaving for determination only those claims under Sections 523(a)(4) and 727(a)(4) of the Bankruptcy Code. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the Debtor's discharge. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

*Findings of Fact*

The Debtor in the instant Chapter 7 case was born with the name Syed Baqar Hussein Shah Naqvi ("Debtor"). He came to the United States from India, and, prior to 1987, resided in Chicago, Illinois. He testified that the name on his passport when he entered the United States was Baqar Hussein Shah.

Debtor testified that, in his family, males were named using the same names, but varying only the second name, such that Debtor's brother is named Syed Zakir Hussein Shah Naqvi.[1]

Debtor testified that he obtained the Social Security number 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 while he was living in Illinois.

In 1987, Debtor moved from Illinois to Texas, and began to reside in Baytown, Texas. On October 12, 1987, the 281st Judicial District Court of Harris County, Texas, changed Debtor's name from Baqar H. Shah to Syed Baqar Naqvi. (Plaintiff's Exhibit 1).

Debtor testified that, after he moved from Illinois to Texas, he applied for, and received, a second Social Security number, 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.

Prior to Debtor's move from Illinois to Texas, Debtor had attempted to participate in developing a real estate subdivision in Zion, Illinois. The corporation handling the development failed, leaving Debtor liable as a guarantor of a $900,000 corporate mortgage. In 1993 or 1994, Debtor agreed with Mahendra Mehta ("Plaintiff"), his attorney, to form a joint venture to purchase the mortgage for $300,000. The joint venture did not purchase the mortgage. Instead, a corporation owned by Debtor purchased the mortgage. In 1995, Plaintiff filed suit in Illinois state court, asserting that Debtor breached a fiduciary duty to Plaintiff. The jury found in favor of Plaintiff. (Defendant's Exhibit 17). The Circuit Court of Cook County, Illinois entered judgment against Debtor in favor of Plaintiff, in the amount of $2,420,000, on November 4, 1999.[2] (Plaintiff's Exhibit 52).

During the time while Plaintiff's litigation against Debtor was pending in Illinois, and after Debtor had moved from Illinois to Texas, changed his name, and obtained a second Social Security number, Debtor continued to be involved with real estate developments in Zion, Illinois. These developments involved RMA Investments Corporation ("RMA"), of which Zakir Shah, Debtor's brother, was CEO and Chairman of the Board of Directors. Debtor testified that, on May 31, 1998, Debtor and Zakir Shah entered into a secret agreement. The agreement provides for RMA to convey its real estate to a trust, of which RMA was the sole beneficiary. Simultaneously (although it appears RMA was conveying each property twice), RMA was to transfer title to the real estate to Debtor, with such transfers to be recorded in the real property records of Lake County, Illinois, and Debtor was to execute a secret quitclaim deed purporting to transfer title back to the corporation, which was not to be recorded. RMA was then to make payments to an unidentified lender, purportedly on behalf of Debtor, and, when subsequent purchasers purchased the home, Debtor was to convey the property to the purchasers on behalf of RMA. (Defendant's Exhibit 23).

---

1. In order to avoid confusion, the court will refer to Debtor's brother as Zakir Shah.

2. The suit was subsequently removed to Federal court by a party other than Plaintiff or Debtor. The judgment of the Circuit Court of Cook County, Illinois was adopted by the United States District Court for the Northern District of Illinois, and affirmed by the Seventh Circuit Court of Appeals.

Despite Debtor's having legally changed his name to Syed Baqar Naqvi in 1987, Debtor continued to transact business both as Syed Naqvi and as Baqar Shah. Prior to the filing of the petition in the instant Chapter 7 case, and after 1987, he executed documents as Baqar Shah on August 30, 1999 (Plaintiff's Exhibit 10), October 1, 1999 (Plaintiff's Exhibit 13), May 5, 1999 (Plaintiff's Exhibits 14 and 15), and as Syed Naqvi on July 16, 1998 (Plaintiff's Exhibit 3), September 14, 1999 (Plaintiff's Exhibit 3B), April 21, 2000 (Plaintiff's Exhibit 7), October 27, 1998 (Plaintiff's Exhibit 11), May 5, 1999 (Plaintiff's Exhibit 17), September 15, 2000 (Plaintiff's Exhibits 31, 33, and 34), April 19, 2001 (Plaintiff's Exhibit 36), September 3, 1998 (Plaintiff's Exhibit 37), August 18, 1998 (Plaintiff's Exhibit 39), and November 6, 1996 (Plaintiff's Exhibit 62).

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 6, 2001. Debtor listed his name on the petition as Baqar Shah. He listed his Social Security number as 575–40–9433, a number different from either of the two Social Security numbers he held on the petition date.

On March 7, 2001, Debtor filed schedules of assets and liabilities. Debtor's schedule A reflects that Debtor owned no real estate on the petition date. On the same date, Debtor filed a statement of financial affairs. Debtor's statement of financial affairs states that there is no property held by another person that the debtor owns or controls.

In addition to using different names on various occasions, Debtor also used both his Social Security numbers, as well as others. In a credit application dated July 16, 1998, he listed his Social Security number as 431–72–1302.[3] (Plaintiff's Exhibit 3). In a loan application dated December 31, 1999, he listed his Social Security number as 557–04–3394, a number different from the two Social Security numbers he testified were his, and different from the Social Security number listed on the initial petition.

After the filing of the petition in the instant case, Debtor continued to operate a real estate business, under the name Syed Naqvi. (Plaintiff's Exhibits 3A, 4, 20A). In Plaintiff's Exhibit 3A, Debtor gave a mortgage on the Illinois property to secure a revolving line of credit. In Plaintiff's Exhibits 4 and 20A, Debtor transferred two parcels of the Illinois property to purchasers. All of these transactions occurred between the date of filing of the petition, February 6, 2001, and October 24, 2001, the date on which Debtor amended his petition to reflect both names and Social Security numbers. These transactions were not disclosed to the Bankruptcy Court, in violation of 11 U.S.C. § 542.

On May 1, 2001, Plaintiff filed a motion for relief from stay, seeking authority to attempt to obtain an interest in the Illinois properties. (Docket No. 11, Case No. 01–31236–H3–7). The court held a hearing on Plaintiff's motion for relief from stay on May 29, 2001. At the hearing, Debtor testified that Syed Naqvi was one of the investors in the Illinois property. He testified that Syed Naqvi was not Debtor. (Plaintiff's Exhibit 5). In the trial on the instant adversary proceeding, Debtor testified that, when he testified that he was not Syed Naqvi, he intended to refer to his brother as Syed Naqvi. Notwithstanding such testimony, on April 30, 2001, Debtor signed a document as Syed Naqvi (Plain-

---

3. It appears this number was an employer identification number obtained by Debtor.

(Defendant's Exhibit 22).

tiff's Exhibit 20A). Debtor's testimony regarding the manner in which he has identified himself and his brother generally was not credible.

On October 24, 2001, Debtor filed an amended petition, amended schedules, and an amended statement of financial affairs. (Plaintiff's Exhibit 2A), that for the first time, disclosed Debtor's two names and two Social Security numbers. For the first time, Debtor's schedule A listed the real property in Zion, Illinois that had not yet been sold.[4]

*Conclusions of Law*

Section 727(a)(4)(A) of the Bankruptcy Code provides for the denial of a discharge if the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. 11 U.S.C. § 727(a)(4)(A).

■ The objecting party has the burden of proving that (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case. *In re Beaubouef*, 966 F.2d 174 (5th Cir.1992).

■ False schedules and statements constitute a false oath. *In re Sholdra*, 249 F.3d 380 (5th Cir.2001).

■ A debtor who files a voluntary petition with a false social security number violates his or her oath in signing the petition and is not entitled to a discharge. *In re Minetos*, 248 B.R. 729 (Bankr. S.D.N.Y.2000); *In re Guadarrama*, 284 B.R. 463 (C.D.Cal.2002); *In re Riccardo*, 248 B.R. 717 (Bankr.S.D.N.Y.2000).

■ In the instant case, the false statements contained in Debtor's petition (false

social security number and failure to use legal name), schedules (failure to list an interest in the Illinois properties), and statement of financial affairs (failure to list property purportedly held by another) were made under oath, were false, and were material to the bankruptcy case.

The court may infer the debtor's knowledge that the statement is false from circumstantial evidence. *In re Keeney*, 227 F.3d 679 (6th Cir.2000). Likewise, the court may infer the debtor's fraudulent intent from circumstantial evidence. *In re Chastant*, 873 F.2d 89 (5th Cir.1989).

The court recognizes that the traditions associated with individual names vary among cultures. However, Debtor has lived in the United States for many years; his use of the English language is competent, and he appears to have considerable business sophistication. This sophistication includes knowledge that financial and real estate matters are difficult to identify and to trace where inaccurate Social Security numbers and/or names of individuals are used. His combined activities constitute deliberate misdirection. They have occasioned considerable activity in the Federal courts in the Northern District of Illinois (*see Mehta v. Shah*, 113 Fed.Appx. 165 (7th Cir.2004)) and the Southern District of Texas, and extreme difficulty to lot buyers in Zion, Illinois, who continue to seek good title to properties in which he, RMA, and/or his brother appear in the chain of title (*see* Adv. No. 02–3068 and 03–3425).

In the instant case, based on Debtor's use of a secret agreement to conceal the nature of the ownership of the Zion, Illinois properties, his sale of certain of those properties after the petition date without leave of the bankruptcy court and even without disclosure to the bankruptcy court,

---

**4.** The court notes that Debtor's amended schedule A, though purporting to be Debtor's real property owned on the petition date, did not include the parcels of real property Debtor had transferred after the commencement of the case.

his use of the same name for himself and for his brother, his use of multiple Social Security numbers, his repeated use of different Social Security numbers as to which two or more of the digits were transposed, and Debtor's cessation of use of the name Baqar Shah (outside of the Bankruptcy Court for the Southern District of Texas) after the date of filing of the petition, the court concludes that Debtor knew the statements he made under oath were false, and made those statements with fraudulent intent. The court concludes that Debtor's discharge must be denied pursuant to Section 727(a)(4)(A) of the Bankruptcy Code.

In light of the court's determination that Debtor's discharge must be denied, the court need not reach the question of whether Debtor's debt to Plaintiff is excepted from discharge pursuant to Section 523(a)(4) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered denying the Debtor's discharge.