**In re Jesus Armando PEREZ, Debtor.**

**Charles F. McVay, United States Trustee Region 19, Plaintiff,**

v.

**Jesus Armando Perez, Defendant.**

**Bankruptcy No. 05–31631–SBB. Adversary No. 06–01202–SBB.**

United States Bankruptcy Court, D. Colorado.

Sept. 7, 2007.

---

Alison Goldenberg, Esq., Trial Attorney for the United States Trustee, Denver, CO, for Plaintiff.

Charles F. McVay, United States Trustee, Denver, CO, pro se.

John A. Berman, Esq., The Offices of John A. Berman, Denver, CO, for Defendant.

**MEMORANDUM OPINION AND OR-DER (1) DECLINING TO AP-PROVE STIPULATION AND NO-TICE OF DISMISSAL AND (2) DECLINING TO ENTER THE DISCHARGE OF DEBTOR'S DEBTS**

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court for a hearing on May 31, 2007 regarding:

(1) the Stipulation of Dismissal of Adversary Proceeding ("Stipulation")(Docket No. 50) filed by Charles F. McVay, United States Trustee Region 19 ("United States Trustee") and by Defendant, Jesus Armando Perez ("Debtor", "Debtor/Defendant," or "Defendant"), and (2) the Notice of the Stipulation of Dismissal ("Notice of Dismissal") (Docket No. 51) filed by the United States Trustee. The Court has conducted a hearing on this matter, and has considered the statements of counsel in support of the Stipulation and the Notice of Dismissal, as well as prior hearing transcripts and the Court's file in this matter, and issues the following findings of fact, conclusions of law and Order.

**I. *Summary and Conclusion***

The parties before the Court are requesting that this Court dismiss an adversary proceeding whereby the United States Trustee has sought the denial of Defendant's discharge because of his admitted use of a false Social Security number—or, more accurately, a Social Security number that was illegally acquired and did not belong to him.[1] A consequence of the dismissal of this adversary proceeding would be that the Defendant will be granted a discharge of his debts incurred using someone else's Social Security number.

Pursuant to Fed.R.Bankr.P. 7041, the Court declines to approve the Stipulation dismissing this adversary proceeding for the reasons stated herein. The Court further declines to enter the discharge of Debtor's debts.

**II. *Overview***

The matter before the Court presents a complicated and consequential situation.

---

1. To clarify, and for the purpose of brevity in this decision, the Court uses the term "false" Social Security number in the sense that the Social Security number ending in 3099 was illegally acquired and improperly used because the Social Security number ending in 3099 was issued to another person.

The United States Trustee filed an adversary proceeding under 11 U.S.C. § 727(a)(3) and (a)(4)(A) seeking denial of the Defendant's discharge for various reasons, including the Defendant's fraud whereby he incurred debt using a false Social Security number. Here, Defendant has used *two* Social Security numbers— one issued to him by the Social Security Administration and one that belongs to another person.

The record reflects that the Defendant *acknowledges and admits* that he knowingly purchased a Social Security number while he was an undocumented worker living in California. The record further reflects that he obtained employment and credit—including his home mortgage—utilizing this purchased Social Security number.[2]

Despite the Defendant's admitted use of a false Social Security number, the United States Trustee entered into a Stipulation with the Defendant agreeing to dismiss this adversary proceeding. Essentially, both parties are agreeing to walk away from this matter. The effect of dismissing this adversary proceeding would be the discharge of debts procured by the use of a false Social Security number. The ramifications and consequences of entry of the discharge are partly unknown and not easily ascertained, but are potentially very problematic.

In this adversary proceeding, the parties have filed a Stipulation and Notice of Dismissal consistent with FED.R.BANKR.P. 7041. Rule 7041 provides that such dismissal may only enter by an order of the court containing the terms and conditions which the court deems proper. As more fully discussed in Section V.E.I below, the Court must review the factors set forth in *Reiss v. Hagmann*[3] in determining whether to approve or disapprove the Stipulation and the dismissal of this case. Approval of a stipulation must be an informed decision based upon an objective evaluation of the developed facts.[4] The Court concludes that, upon evaluating the facts and circumstances of this case, dismissal of this adversary proceeding is not appropriate under the terms and conditions agreed to by the parties.

There are at least three overriding concerns presented hereby:

(1) That "honest but unfortunate debtor[s]" get relief.[5] Here, barring any action from the United States Trustee (and, now, if approved, the Court), the Debtor/Defendant will receive a discharge of his debts— *each and all of which were procured by and through the use of a false Social Security number.* Debtor's illegal conduct will have been rewarded.

(2) Indebtedness, a bankruptcy case, and a discharge—*if this Court ap-*

---

2. The United States Trustee and Defendant have advised the Court that, at least with respect to one creditor, perhaps others, the lending institution(s) knew about the false Social Security number, yet encouraged the Defendant to utilize the false Social Security number because he had established credit using that number.

3. 881 F.2d 890, 892 (10th Cir.1989). In considering the propriety of a settlement, it is appropriate for the court to consider: (1) the probable success of the underlying litigation

on the merits, (2) the possible difficulty in collection of a judgment, (3) the complexity and expense of the litigation, and (4) the interests of creditors in deference to their reasonable views.

4. *Id.* at 892.

5. *See Cohen v. de la Cruz*, 523 U.S. 213, 217, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) and *Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

*proves the Stipulation, dismisses this adversary proceeding, and enters a discharge herein*—will be ascribed to a completely innocent and unaware citizen of the United States who has likely never filed for bankruptcy relief.

(3) The record before this Court does not reflect that all of Defendant's creditors have ever been clearly and fully informed of the false use of the Social Security number. And, that includes the person to whom the Social Security number was legally and properly assigned and who may well be a putative creditor in this case. That person's credit, reputation, and future have been likely adversely impacted, yet no notice or opportunity to participate in this bankruptcy case has been afforded to this unknown person.

Even if the United States Trustee wants to walk away and ignore the illegal conduct and its bankruptcy consequences, this Court cannot and will not also stand by, acknowledge, condone, and acquiesce in the perpetuation of a fraud upon this Debtor's creditors, the bankruptcy system, and the unknown and unknowing citizen who holds the Social Security number utilized by the Defendant—a citizen who may be the largest creditor of the Defendant for the theft of his credit, reputation and, at least figuratively, his very identity.

## III. Background

### A. A Social Security Number is Purchased for Fifty Dollars

Defendant arrived in the United States from Mexico in 1996 and purchased a Social Security number ending in the last four digits 3099 for fifty dollars from an unknown person.[6] According to the Social Security Administration, the Social Security number ending in the last four digits 3099 was *not* issued to the Defendant by the Social Security Administration, *but was issued to another person who is now approximately 19 years old.*[7]

### B. Debtor/Defendant's Initial Bankruptcy Filing Documents

On August 25, 2005, the Debtor/Defendant filed for relief under Chapter 7 of the Bankruptcy Code.[8] Also on August 25, 2005, the Defendant signed his Voluntary Petition, Statement of Financial Affairs and Schedules declaring under the penalty of perjury that the information provided therein is true and correct.[9]

---

6. Defendant has presented various versions of how the Defendant acquired this Social Security to the Chapter 7 trustee, United States Trustee, and the Court. It would appear that the parties agree that the correct version of this story is that the Defendant purchased this Social Security number.

7. Joint Pretrial Statement filed on February 1, 2007 (Docket No. 37 in the adversary proceeding) ("Joint Pretrial Statement"), Statement of Stipulated Facts ¶ 13.

The Court would also note, *as a not unimportant aside,* that based upon the research of the parties in this adversary proceeding, it appears, and it has been represented to the Court as such, that Defendant is *not* the only person utilizing this Social Security number. Perhaps three other persons, possibly more, may be using this same Social Security number to obtain credit.

8. Joint Pretrial Statement, Statement of Stipulated Facts ¶ 1. Defendant's Chapter 7 case was filed by C. William Schlosser. Defendant's counsel in this adversary proceeding is John Berman. Although Mr. Berman has filed bankruptcy documents in the underlying bankruptcy case, it appears that Mr. Schlosser remains counsel (or co-counsel) of record for the Defendant in his bankruptcy case.

9. Chapter 7 Voluntary Petition (Docket No. 1 in the bankruptcy case); Joint Pretrial Statement, Statement of Stipulated Facts ¶ 2.

The Debtor/Defendant, in the box on the Petition where he is to input the "Name of the Debtor," discloses his name as Perez, Jesus Armando.[10] In the box entitled "All Other Names used by the Debtor in the last 6 years," the Defendant discloses no other names.[11] By way of offers of proof and acknowledgment by Defendant and his counsel, the Defendant has evidently used the name Jesus Armando Perez Cazales in the six years prior to the bankruptcy filing.[12]

The Defendant also indicates on his Voluntary Petition, in the box entitled "Last four digits of Soc. Sec. No./Complete EIN other Tax ID.," that the last four digits of his Social Security number are "3099/00–0008844."[13] Thus, it would seem that the Defendant is disclosing that he holds both a Social Security number and an employer identification number.

On September 13, 2005, the Defendant filed his "Statement of Social Security Numbers" (Form 21) with the Court.[14] The Defendant lists two Social Security numbers on the Form 21. The number ending 3099 is typed on the Form 21 and the number ending 8844 appears to be hand-written on the Form 21. The "Statement of Social Security Numbers" (Form 21) is signed under the penalty of perjury that the information contained therein is true and correct.[15] Curiously, the "Statement of Social Security Numbers" (Form 21) was evidently signed on August 25, 2005.[16]

## C. The Section 341 Creditors' Meeting

The "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" was mailed by the Clerk of the Court to creditors and identified the Social Security number ending in 3099.[17] That Notice also identified a Tax ID number of 00–0008844. Because the Bankruptcy Court's Case Management/Electronic Filing ("CM/ECF") system does not allow an electronic filer to input two Social Security numbers for one debtor, Debtor's counsel utilized the field for a Tax Identification number to indicate the Debtor's actual Social Security number, as assigned by the Social Security Administration. Consequently, no creditors have received notice with respect to the Debtor's actual Social Security number.

Jeffrey A. Weinman ("Trustee") was appointed as the interim Chapter 7 Trustee in the Defendant's bankruptcy case. No trustee was elected at the September 30, 2005 meeting of creditors conducted pursu-

10. Chapter 7 Voluntary Petition (Docket No. 1 in the bankruptcy case); Joint Pretrial Statement, Statement of Stipulated Facts ¶ 3.

11. Chapter 7 Voluntary Petition (Docket No. 1 in the bankruptcy case); Joint Pretrial Statement, Statement of Stipulated Facts ¶ 4.

12. May 31, 2007 Hearing Tr. 6:22–25; 7:5–15; 17:14–24; 18:4–7; and 27:22–31:11. The record before this Court is a bit unclear as to whether he *purposefully* used the name to obtain credit—or whether he used this name only at the request of a creditor. It does appear, however, that he did use the name "Jesus Armando Perez Cazales" on his 2000 tax return and on his home loan. The use of the name "Jesus Armando Perez Cazales,"

according to the offers of proof by both Plaintiff's and Defendant's counsel, is a Mexican tradition whereby the mother's maiden name is listed on a birth certificate.

13. Chapter 7 Voluntary Petition (Docket No. 1 in the bankruptcy case); Joint Pretrial Statement, Statement of Stipulated Facts ¶ 5.

14. Docket No. 7 in the bankruptcy case.

15. Joint Pretrial Statement, Statement of Stipulated Facts ¶ 6.

16. Docket No. 7 in the bankruptcy case.

17. Docket Nos. 5 and 6 in the bankruptcy case.

ant to 11 U.S.C. § 341 ("Creditors' Meeting"). The Trustee thereby became the permanent trustee in the case pursuant to 11 U.S.C. § 702(d).

At the Creditors' Meeting, the Trustee questioned the Defendant regarding his two Social Security numbers and the following exchange took place:

MR. WEINMAN: Okay. You've got two social security numbers; do you?

MR. PEREZ: Uh-huh.

MR. WEINMAN: And why is that?

MR PEREZ: Because when I came here I started using that social security number and building credit. And later on when I got my—citizenship, I got this social security number from the Social Security Administration.

MR. WEINMAN: Okay. When you came here you just—you didn't have a social security card—

MR. PEREZ: Yeah.

MR. WEINMAN: —so you made up a number?

MR. PEREZ: Uh-huh.

MR. WEINMAN: How'd you know how to make up a number?

MR. PEREZ: Just the numbers, or whatever numbers.

MR. WEINMAN: You just made it up?

MR. PEREZ: Yeah, my friend made it up.

MR. WEINMAN: Kind of like lotto, huh?

MR. PEREZ: Yeah. And later on I went and talked to a lawyer and tried to change everything to my real social security number, and they told me there is no way you can do that. And I fill out applications, like when I buy my house,

I try to use my real social security number. And they told me, "No, use—use the old one. That's fine." [18]

Thereafter, the Trustee referred the case and the issues surrounding the use of two Social Security numbers to the United States Trustee.

### D. October 28, 2005 *Sua Sponte* Hearing

After the Creditors' Meeting, on October 14, 2005, this Court issued an Order and Notice of *Sua Sponte* Hearing because the Court required: (1) clarification as to the Defendant's correct and proper Social Security number and (2) confirmation that creditors in the bankruptcy case received proper notification of the filing of the bankruptcy case.[19]

On October 28, 2005, this Court conducted the *sua sponte* hearing. During the hearing, the Defendant's bankruptcy counsel, C. William Schlosser, tendered to the Court the following documents:

(1) An original of the Declaration Re: Statement of Social Security Number(s), in the name of Jesus Armando Perez listing two Social Security numbers with the last four digits respectively: 3099 and 8844.

(2) A copy of the 341(a) Creditors' Meeting notice listing two Social Security numbers with the last four digits being: 3099 and 8844.[20]

(3) A copy of an Equifax Report dated March 9, 2005, listing only one Social Security number ending with the last four digits 3099.

(4) The front page of the Defendant's 2004 tax return listing the Social Se-

---

**18.** Creditors' Meeting Tr. 2:23–3:23.

**19.** Docket No. 21 in the bankruptcy case.

**20.** The 341(a) Creditors' Meeting notice contained the redacted Social Security number

ending in 3099. The Tax Identification number—input into the system as such by Mr. Schlosser's office because there was no way an electronic filer to input two Social Security numbers—was not redacted, but reflected a number of 00–0008844.

curity number ending with the last four digits 8844.

(5) The front page of the Defendant's 2001 tax return listing the Social Security number ending with the last four digits 8844.

(6) The Defendant's 2002 Tax Payment Worksheet listing the Social Security number ending with the last four digits 8844.

(7) A photocopy of the Defendant's Social Security card listing the number ending with the last four digits 8844,

The Defendant was also sworn in and testified under oath. During his testimony, the Defendant pled his Fifth Amendment Privilege in response to the question of whether the Social Security number ending in the last four digits 3099 was issued to him by an agency of the United States Government. Based upon his Fifth Amendment Privilege, the Defendant did not answer questions at the October 28, 2005 hearing concerning any of the circumstances under which he started using the Social Security number ending in the last four digits 3099.

At this hearing, the Court was also advised that Defendant's Equifax Report, dated March 9, 2005, was only associated with the Social Security number ending in the last four digits 3099. The Defendant's bankruptcy attorney stated that all of the Defendant's debts were issued under the Social Security number ending in the last four digits 3099.[21]

An attorney for the Office of the United States Trustee advised during the hearing that the Social Security number ending in the last four digits 8844 was, indeed, issued to Defendant by the Social Security Administration.[22] However, the attorney for the United States Trustee stated that, according to the Social Security Administration, the Social Security number ending in the last four digits 3099 was *not* issued to this Debtor, the Defendant, by the Social Security Administration and the Defendant *was not and is not* authorized to use the Social Security number ending in the last four digits 3099. The Court is advised by counsel for the United States Trustee that the Social Security Administration evidently cannot or will not inform the United States Trustee of the name of the true holder of the properly issued and authorized Social Security number ending in 3099. Thus, among other things, the Court is completely unable to notify the true holder of the Social Security number ending in 3099 of the within bankruptcy case filing and issues which have arisen herein.

The Court concluded the hearing and ordered that the Defendant was not to receive his discharge until the issue with respect to the use of two Social Security numbers was resolved.[23]

### E. The Defendant's Notice of Multiple Social Security Numbers

On November 4, 2005, the Defendant filed, in the underlying bankruptcy case, a Notice of Multiple Social Security Numbers in a Bankruptcy Proceeding, stating:

---

**21.** October 28, 2005 Hearing Tr. 6:19–24. The Court notes, here, that while Defendant's counsel said that all debts were incurred using the Social Security number ending in 3099, the Defendant was filing his tax returns under the Social Security number ending in 8844. This anomaly, in and of itself, may have its own consequences and problems.

**22.** The United States Social Security Administration issues all valid Social Security numbers and cards.

**23.** *See* Minutes of Proceeding dated October 28, 2005 (Docket No. 24 in the bankruptcy case) and Transcript of Hearing held on October 28, 2005, filed November 4, 2007 (Docket No. 28 in the bankruptcy case),

Please take notice the above-named Debtor has listed two social security numbers in the above-captioned Chapter 7 proceeding, The Debtor's correct social security number is XXX–XX–8844. The Debtor also listed an additional social security number of XXX–XX–3099.[24]

The Notice of Multiple Social Security Numbers in a Bankruptcy Proceeding was *only* mailed to Equifax, Experian, Transunion, the Chapter 7 Trustee and the United States Trustee, *but was not mailed to any creditors in the Defendant's/Debtor's bankruptcy case.*[25]

### F. The Adversary Proceeding

On March 2, 2006, the United States Trustee filed a Complaint for Denial of Discharge under 11 U.S.C § 727(a) and, Alternatively, to Dismiss under 11 U.S.C § 707(b)[26]. This Complaint was subsequently amended on June 30, 2006, so as to more fully set forth relevant facts in support of the United States Trustee's Second Claim for Relief under 11 U.S.C. § 727(a)(4)(A) and to withdraw the Third Claim for Relief under 11 U.S.C. § 707(b), because this claim was barred by the applicable statute of limitations.[27] Thereafter, on October 11, 2006, the United States Trustee moved this Court for an order allowing a Second Amended Complaint to add factual allegations in support of its Claim for Relief under 11 U.S.C § 727(a)(4)(A).[28] These allegations includ-

ed that the Debtor knowingly and fraudulently made a false oath by failing to disclose all other names used by him in the six years before the bankruptcy case. In the course of discovery, the United States Trustee became advised that the Defendant also used the name Jesus Armando Perez Cazales in the six years prior to his bankruptcy. The Defendant did *not* disclose this name in his Petition, On October 27, 2007, the Court granted the United States Trustee's Second Motion to Amend Complaint.[29]

Among the other important allegations, the United States Trustee alleges in the Second Amended Complaint (the operative Complaint in this adversary proceeding at this time)[30] that:

1. The Defendant's Equifax Report, dated March 9, 2005, was associated with the Social Security number ending in 3099 and not the Social Security number ending in 8844. The Defendant's attorney stated that all of the Defendant's debts were issued under the Social Security number ending in 3099.[31]

2. According to the Social Security Administration, the Social Security number ending in 8844 was issued to Jesus Armando Perez by the Social Security Administration.[32] However, the Social Security number ending in 3099 was *not* issued to Jesus Arman-

---

24. Docket No. 27 in the bankruptcy case, The full numbers were listed in the Notice, but this Court redacts the same for the purpose of this opinion.

25. *Id.*

26. Docket No. 40 in the bankruptcy case.

27. Docket Nos. 16 and 17 in the adversary proceeding.

28. Docket Nos. 21 and 22 in the adversary proceeding.

29. Docket No. 23 in the adversary proceeding.

30. The United States Trustee's allegations set forth herein have been edited for clarity in this Order.

31. Second Amend. Comp. ¶ 24.

32. Second Amend. Comp. ¶ 26.

do Perez by the Social Security Administration and the Defendant is *not* authorized to use the Social Security Number ending in 3099.[33]

3. Using the AutoTrack XP/Choicepoint online databases, the United States Trustee conducted a search of Jesus Armando Perez by inputting the Social Security number ending in 3099. The search results revealed that at least six other individuals are associated with a Social Security number ending in 3099.[34]

4. The Defendant, at the Creditors' Meeting, indicated that he and his friend made up the Social Security number. However, contradictory evidence obtained from Defendant's counsel reflects that the Defendant actually purchased the Social Security number from an unknown person.[35]

5. The Defendant's Schedule D reflects debts to HomEQ Mortgage Servicing (1st Deed of Trust), Public Service Credit Union (2002 Ford F–150) and Westgate Resorts (Timeshare in Florida). The Defendant's Schedule D totals $341,367.00. The Defendant's Schedule F reflects debts for ten credit cards and one deficiency on a 2004 Ford F–150. The Defendant's Schedule F totals $44,447.00. The Defendant's Equifax Report, dated March 9, 2005, is associated with the 3099 number.[36]

6. Because of the use of the Social Security number ending in 3099, the United States Trustee asserts that had the creditors known of the fact that the Defendant did not have a valid Social Security number and/or had provided them with a false Social Security number, they likely would not have extended credit to the Defendant.[37]

7 Because the Defendant and several other individuals are associated with the false Social Security number, the Trustee, United States Trustee, and creditors do not have any ability to ascertain the Defendant's true credit history, financial condition or business transactions as distinguished from that of the true individual assigned to the Social Security number or other individuals who are associated with the Social Security number ending in 3099.[38]

8. Because the Defendant has used a false Social Security number for certain purposes (*e.g.* to incur debt) and a different, valid Social Security number for other purposes (*e.g.* to file tax returns), the Trustee, United States Trustee, and creditors do not have any practical ability to ascertain the Defendant's true credit history, financial condition or business transactions as distinguished from that of the other individuals associated with the Social Security number ending in 3099.[39]

9. The Defendant signed his Petition and Statement of Social Security numbers under penalty of perjury and that the information contained in those documents is true and correct.
   A. The Petition lists the Social Security number(s) as: "3099/00–0008844." The Petition was signed by the Defendant under the penalty of perjury on August 25, 2005.

---

33. Second Amend. Comp. ¶ 27.

34. Second Amend. Comp. ¶ 28.

35. Second Amend. Comp. ¶ s 16, 31–34.

36. Second Amend. Comp. ¶ 38–40.

37. Second Amend. Comp. ¶ 41.

38. Second Amend. Comp. ¶ 42.

39. Second Amend. Comp. ¶ 24.

B. The Debtor listed on the "Statement of Social Security Numbers" (Form 21) Social Security numbers ending in 3099 and 8844. The Statement was signed by the Defendant under the penalty of perjury on August 25, 2005.[40]

10. By listing a false Social Security number on his Petition and Statement of Social Security Numbers, the Defendant knowingly and fraudulently made a false oath or account which is material to his bankruptcy case.[41]

11. The Defendant utilized the false Social Security number ending in 3099, with the intent to obtain credit, knowing that creditors would rely upon the proffer of a Social Security number in extending such credit.[42]

12. The creditors, in fact, relied upon the false Social Security number in extending credit, as is evidenced by the debts listed in his bankruptcy Schedules and noted on the Equifax Credit Report, dated March 9, 2005.[43]

13. The Defendant knew, or reasonably should have known, of the falsity of the Social Security number at the time he signed the Petition and Statement of Social Security Numbers.[44]

14. The Defendant is attempting to discharge debts which were incurred by him using a false Social Security number.[45]

15. Defendant's counsel indicated at the October 28, 2005 hearing that the Defendant listed both Social Security numbers to make full disclosures of all numbers used by the Defendant.

However, neither the Petition nor the Statement of Social Security Numbers makes any statement or notation which would put the Trustee, United States Trustee, Court or creditors on notice that by listing both Social Security numbers, the Defendant intended to make parties aware that the Social Security number ending in 3099 was not validly assigned to the Defendant but improperly used by the Defendant and that the Social Security number ending in 8844 was the Defendant's true Social Security number.[46]

16. The bankruptcy petition also requires debtors to disclose, "All Other Names used by the Debtor in the last six years." The Defendant did not disclose any other names. Yet, the United States Trustee discovered, by way of subpoenas sent to certain creditors of the Defendant that the Defendant used the name Cazales in the last six years.[47]

The Court presumes that the United States Trustee filed this Second Amended Complaint in good faith, after diligent investigation and in accordance with FED. R.BANKR.P. 9011.

### G. The Stipulation and Notice of Dismissal

On May 9, 2007, a few weeks before the trial of this matter, the parties entered into a Stipulation of Dismissal of Adversary Proceeding.[48] In a nutshell, the parties agree to simply drop this matter, bearing their own attorneys' fees and costs.

40. Second Amend. Comp. ¶ 51.

41. Second Amend. Comp. ¶ 54.

42. Second Amend. Comp. ¶ 55.

43. Second Amend. Comp. ¶ 56.

44. Second Amend. Comp. ¶ 57.

45. Second Amend. Comp. ¶ 59.

46. Second Amend. Comp. ¶ 60.

47. Second Amend. Comp. ¶ 61–64.

48. Docket No. 50 in the adversary proceeding.

The Notice of Dismissal was served only on the Debtor, his counsel, and the Trustee.[49] It was not served on any creditors or other parties-in-interest.

The Court, thereafter, converted the May 31, 2007 trial setting in this matter to a hearing regarding the parties' Stipulation and Notice of Dismissal. The Court was advised at this hearing that the parties agreed to dismissal of this matter, despite the Defendant's knowing, purposeful, and extensive use of a Social Security number that was illegally obtained and fraudulently used.

## IV. *Issue*

The central question facing the Court is whether this Court should, consistent with the intent, content, and consequences of the Bankruptcy Code and the discharge provisions contained therein, dismiss this adversary proceeding based upon the Stipulation of the parties and thereby enter a discharge of debt on behalf of the Defendant.

The Court finds and concludes that based on the reasons stated below, not only *should* this Court *not* dismiss this adversary proceeding based upon the Stipulation of the parties and enter a discharge of debt, it *must* not dismiss this adversary proceeding under the current circumstances and as this Stipulation has been presented to the Court.

## V. *Discussion*

### A. Overview—The "Big Picture"

This Court has presided over and observed this bankruptcy case, and now, this adversary proceeding, for almost two years. The dismissal of this adversary proceeding by the United States Trustee, when viewed in the light of the undisputed facts is problematic and disturbing.

First, the Court assumes that the United States Trustee complied with Rule 9011 when filing the Second Amended Complaint, and that the allegations contained therein were made in good faith and were (1) "not being presented for any improper purpose," (2) based on "claims ... and other legal contentions ... warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and (3) supported by the evidence.[50]

Second, the Defendant *admits* he purchased a Social Security number that did not belong to him. He *admits* he acquired the Social Security number illegally and used it fraudulently.

Third, the parties stipulate to the fact that the United States Social Security Administration acknowledges that the Social Security number with the last four digits 3099, used by the Defendant *since 1996* to establish credit and obtain employment, was *not* issued to Defendant, but was issued to another person. *This person whose financial identity has been irrevocably tainted and who likely knows nothing about this bankruptcy case, adversary proceeding, and the impact that this identity theft will have on his future.*

Fourth, the Social Security Administration has not identified the individual who has had his Social Security number stolen. The Court is, thus, unable to notify that person or provide due process to that person as a party affected by this bankruptcy case. Although this Court is not making any final findings and conclusions regarding same, it is likely that the unknown person is a party-in-interest by definition and under the law in the Debtor's bankruptcy case. Based upon the facts of this case, the Defendant's conduct, and the consequences that flow from that conduct, the

---

49. Docket No. 51 in the adversary proceeding.

50. FED.R.BANKR.P. 9011(b)(1)-(3).

unknown person is likely a creditor or has a claim or interest in the Debtor's bankruptcy case.

Fifth, despite the unlawful use of someone's Social Security number, it seems that the United States Trustee is taking no action with respect to the fraud upon (1) the credit reporting system, (2) the Defendant's creditors, (3) the unknown person whose identity has been stolen, (4) the bankruptcy process, and (5) this Court. Instead, this Court is advised that the United States Trustee has chosen not to pursue this matter *despite the acknowledged illegal use of a Social Security number and the deleterious affect of that unlawful conduct on all parties-in-interest.* This Court is further advised that the Social Security Administration is taking no significant steps to pursue this matter.[51] Now, this Court is being asked to dismiss this adversary proceeding and enter a discharge of Defendant's debts.

## B. Misrepresentation of Defendant's Social Security Number is "Identity Fraud"

At the May 31, 2007 hearing regarding this matter, Debtor/Defendant's counsel advised the Court that Social Security numbers are not particularly significant and are not used by creditors or credit reporting agencies to track an individual's credit.[52] This Court disagrees.

Despite counsel's argument, this Court concurs with other courts that have examined this issue and concluded that misrepresentation and use of another person's Social Security number is significant, consequential, and constitutes "identity fraud" and/or "identity theft." [53] As examined by the Bankruptcy Court for the Southern District of New York:

> The potential for abuse from this sort of identity fraud is alarming. For example, many creditors (particularly those handling high volumes of consumer credit transactions) may rely on social security numbers rather than or in addition to an individual's surname to uniquely identify the obligor. Such creditors, although listed on the debtor's schedules, will not receive adequate notice of a debtor's bankruptcy case even if they receive actual notice of the filing, for the misrepresented social security number may well result in the creditor's inability to associate the notice of case commencement with its obligor. The creditor is thus deprived of any meaningful ability to safeguard its right in the bankruptcy process. Credit agencies must rely on the accuracy of social security numbers to identify individuals who have filed for bankruptcy protection, and other creditors, in turn, rely on the absence of any notation of a bankruptcy in a credit record in making credit decisions. And of course, a misrepresented social security number could have a damaging effect upon an innocent per-

---

**51.** As part of the United States Trustee's offer of proof and argument at the hearing on May 31, 2007, this Court was advised by Alison Goldenberg, a Trial Attorney for the United States Trustee, that:

> Well, we have been unable to tell this victim because we don't know the identity of the victim. I have here with me a copy of the certification from the Social Security Administration that basically says, "This certifies that the Social Security Number of," the 3099 number, "does not belong to Jesus

Armando Perez ..." That's all we have about this victim.

May 31, 2007 Hearing Tr, 51:11–18 (further identifiers of the person who was properly assigned this Social Security number was presented at the hearing, but this information is redacted from this ruling to protect this person).

**52.** May 31, 2007 Hearing Tr. 40:23–42:12.

**53.** *In re Riccardo,* 248 B.R. 717, 721 (Bankr. S.D.N.Y.2000).

son whose social security number "identity" has been misappropriated.[54]

In this instance, this Court is informed that there is, indeed, an existing person who is assigned the Social Security number ending in the last four digits 3099. This person is likely damaged. Moreover, this Court believes that no unsecured creditor in this case has received adequate notice of (1) the Defendant's bankruptcy case and (2) the Defendant's wrongful use of someone else's Social Security number to obtain credit from each creditor in this bankruptcy case.[55]

## C. The Problem of "Identity Fraud"

Identity theft and fraud are plaguing this nation.[56] As one court noted:

That the problem of identity fraud through the misrepresentation of social security number is a serious issue is reflected in the fact that such conduct may be a criminal offense. It is a crime under the Social Security Act, 42 U.S.C. § 408(a)(7)(B), "for any other purpose

... with intent to deceive [to] falsely represent[ ] a number to be the social security number ... when if fact such number is not the social security account number.

. . .

Use of a false social security number in filing a bankruptcy petition may also be chargeable as a bankruptcy crime under 18 U.S.C. § 152 ... [57]

The Social Security Administration on its own website notes:

Identity theft is one of the fastest growing crimes in America. When a dishonest person has your Social Security number, the thief can use it to get other personal information about you. Most of the time identity thieves use your number and your good credit to apply for more credit in your name. Then, they use the credit cards and do not pay the bills. You do not find out that someone is using your number until you are turned down for credit, or you begin to get calls from unknown creditors de-

---

**54.** *Id.*

**55.** *See* 11 U.S.C. § 523(a)(2)(A) and/or (B). Counsel advised the Court during the hearing on May 31, 2007, that the Defendant testified during his deposition:

that [Defendant] refinanced his house in 2002, and with the money that he got— and this was all under the false number. All the debt was incurred under the false number. In 2002, he refinanced his house and paid off debts that were under the false number.

May 31, 2007 Hearing Tr. 4:16–21.
Even more troubling, though, is the representation made by counsel for the United States Trustee that:

when he wanted to use the legitimate number and stop using the false number, creditors encouraged him not to use the legitimate number. They encouraged him to use the false number. And that is sort of a mitigating factor in this case, because he was listening to what creditors told him.

May 31, 2007 Hearing Tr. 5:13–18 (this representation is confirmed by counsel for the Defendant (*see* May 31, 2007 Hearing Tr. 12:10–11 and 13:15–21)). The representations of counsel are not complete, but it would appear that, at least with respect to credit obtained after Defendant received his properly issued Social Security number, one or more creditors may have been on notice with respect to the use of a false Social Security number, *but did nothing. If the representations of counsel are accurate, if anything, "they"—one or more creditors lending Defendant money-seemingly may have condoned the perpetuation of the fraud.*

**56.** In preparation of this opinion, this Court queried Westlaw and Lexis/Nexis, and discovered that a simple (and non-exhaustive) inquiry with the words "identity theft" and "social security number" resulted in over 3,000 news articles on this subject in each database during the last three years.

**57.** *Riccardo,* 248 B.R. at 721–22 (citations omitted).

manding payment for items you never bought.

Someone illegally using your Social Security number and assuming your identity can cause a lot of problems.[58]

**58.** http://www.ssa.gov/pubs/10064.html (last visited Sept. 4, 2007), The various cautions and statements by the Social Security Administration on its website beg the question: How did the Defendant get a legitimate Social Security number if he has been using a false Social Security number? Is there no database within which the Social Security Administration cross-checks names with Social Security numbers?

**59.** The solution to Social Security identity theft provided on the Social Security Administration website is less than satisfactory and (1) assumes the victim knows about the fraud, (2) provides a solution that sends the victim through a bureaucratic labyrinth, and (3) does not offer a clear, definitive, and final solution to the problem. On the website, the Social Security Administration advises:

How can I report that someone is using my Social Security number?
You should file a complaint with the Federal Trade Commission by;
· Internet—
    www.ftc.gov/bcp/edu/microsites/idtheft
· Telephone—1–811–IDTHEFT (1–877–438–4338)
· TTY—1–866–653–4261
If you think someone is using your number for work purposes, you should contact Social Security. One way to find out whether someone is using your number in order to work, is to check your Social Security Statement. The Statement lists earning posted to your Social Security record. If you find an error on your Statement, contact Social Security right away.

http://www.ssa.gov/pubs/10064.html (last visited Sept. 4, 2007).

Thus, if a person thinks that someone is using his or her Social Security number, the solution is to contact the Federal Trade Commission or the Social Security Administration if it is work related. However, where, as here, a person's credit is being impacted, it appears that the solution to the problem is not resolved by contacting the Federal Trade Commission or the Social Security Administration. *It is in the hands of private credit reporting agencies and creditors, generally.* Specifically, the website provides:

The Social Security Administration's admonition that identity theft "can cause a lot of problems" appears to be an understatement.[59] Identity theft can have a negative impact on future employment, in-

What if I think someone is using my number and creating credit problems for me? If someone used your Social Security number to get credit, *Social Security cannot fix your credit record.* To fix your credit record:
· Call the creditors who approved the credit (follow up with a letter).
· File a police report.
· Contact the fraud department of the major credit bureaus. Ask:
    · to have a flag placed on your record, requiring creditors to contact you before approving additional credit using your name and number;
    · How long your account will be flagged and how you can extend me flag, if necessary; and
    · To have a statement added to your credit report—include your name, explain the problem and provide a telephone number where someone can call you.
Request a copy of your credit report from each major credit bureau and check to see if it contains any entries you do not know about. If you are denied credit, you may be entitled to a free copy of your report.

*Id.* (emphasis added).

Where, as here, the victim is still unknown, he may be impacted—indeed, he likely will be severely and adversely impacted by the entry of a discharge—by the Defendant's actions for the rest of his life. And, there may be no satisfactory solution. For instance, according to the Social Security Administration website:

If you have done all you can to fix the problem and someone still is using your number, we may assign you a new number. We can help you complete an application, but we cannot guarantee that a new number will solve your problem.
You cannot get a new Social Security number if:
· You filed for bankruptcy;
· You intend to avoid the law or your legal responsibility; or
· Your Social Security card is lost or stolen, but there is no evidence that someone is using your number.

*Id.*

Simply put, the Social Security Administration's solution to the problem of identity fraud

surance premiums and coverage, and taxes, among other things.[60] As noted in an article in the PROVIDENCE JOURNAL BULLETIN, identity theft is "an absolute nightmare."[61] In the *Riccardo* opinion, the court quoted a NEW YORK TIMES article that described the travails of victims of snatched Social Security numbers as a "kafkaesque maze" of battles to clear up a tangled web of credit misery.[62]

### D. Use of a False Social Security Number in Filing a Bankruptcy Petition

Use of a false social security number in filing a bankruptcy petition may be an offense under 18 U.S.C. § 152 and/or 157. Section 152 makes punishable, by a fine or up to five years imprisonment or both, an act by a person who—

. . .

(2) Knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

(3) Knowingly and fraudulently makes a false declaration, certificate, verification or statement under penalty of perjury under section 1746 of title 28, in or in relation to any case under title 11 . . .

Section 157 provides:

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—

(1) files a petition under title 11 . . .

and theft by way of the use of a false Social Security number is neither satisfactory nor complete.

**60.** Susan Trost, *Identity Theft—Think You're not at Risk?*, ROCKY MOUNTAIN NEWS, Nov. 1, 2006.

**61.** Timothy C. Barman, *Beware, Imposters are Looking to Steal Your Identity*, PROVIDENCE J. BULL., Apr. 14, 2002.

(2) files a document in a proceeding under title 11 . . .

(3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11 . . . at any time before or after the filing of the petition . . .

shall be fined under this title, imprisoned not more than 5 years, or both.

While this Court cannot make any finding with respect to these criminal statutes, the existence of these statutes emphasizes the seriousness of the use of a false Social Security number in the context of a bankruptcy proceeding.

### E. Approval of Settlements Dismissing Complaints Brought under 11 U.S.C. § 727 and the Purpose of FED.R.BANKR.P. 7041

#### 1. *Settlements Generally*

Generally, a bankruptcy court's decision to approve or disapprove a settlement must be an informed one based upon an objective evaluation of the developed facts.[63] In considering the propriety of a settlement, it is appropriate for the court to consider: (1) the probable success of the underlying litigation on the merits, (2) the possible difficulty in collection of a judgment, (3) the complexity and expense of the litigation, and (4) the interests of creditors in deference to their reasonable views.[64]

**62.** *Riccardo*, 248 B.R. at 721 (citation omitted).

**63.** *Bank One v. Kallstrom (In re Kallstrom)*, 298 B.R. 753, 757 (10th Cir.BAP2003).

**64.** *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir.1989).

■ In this adversary proceeding, collection of the judgment is *not* a factor as it pertains to the United States Trustee. Instead, the focal point for this Court is: (1) the probable success on the merits; (2) the complexity and expense of the litigation; and the (3) the interests of creditors. To these factors, this Court, here, would add three more; (4) the putative interests of an unknown innocent person whose Social Security number has been used by this Defendant; (5) the sufficiency of notice to creditors and parties-in-interest; and (6) the integrity of the bankruptcy system.

■ First, based only upon the admissions of the Defendant, it would appear that the United States Trustee may succeed in this adversary proceeding, at any trial on the merits of the Complaint.

Second, the litigation herein is not particularly complex. It would appear that, since many of the facts are undisputed, the issues before the Court are primarily legal questions.

Third, with respect to the interests of creditors, this Court concludes that *the creditors have not been given adequate notice of this bankruptcy case, this adversary proceeding, and the Stipulation and Notice of Dismissal of this matter. The interests of creditors are not protected or served here by the Stipulation.*

■ With respect to the additional factors that this Court believes are relevant to this Court's examination of the present matter, the unidentified person whose Social Security number has been used by this Defendant is simply *not* aware of these proceedings and may be unaware that his Social Security number has been wrongful-

ly used by this Debtor. If this court were to approve the Stipulation and dismiss this adversary proceeding, the expected result would be that a discharge would enter in the name of the Debtor/Defendant and under another person's Social Security, all without due process being accorded to this unknown person. Moreover, creditors and parties-in-interest do not have proper notice of the use of a false Social Security number in obtaining credit and in filing this bankruptcy case. The public interest and the integrity of the bankruptcy system would be ill-served if this Court approves the Stipulation and dismisses this adversary proceeding. The United States Trustee and the Defendant are asking this Court to condone and contribute to the perpetuation of improper and consequential acts. Courts should not and cannot be compelled to approve a Stipulation and Notice of Dismissal that perpetuates an illegal activity.[65]

2. *Settlements Dismissing an Action Brought under 11 U.S.C. § 727*

The Stipulation and the accompanying Notice of Dismissal filed are filed in accordance with FED.R.BANKR.P. 7041. This Rule provides:

Rule 41 F.R.CIV.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper

---

65. *See, e.g., In re Dalen,* 259 B.R. 586 (Bankr. W.D.Mich.2001). The Court noted:

The type of illegal provision which could compel a judge not to approve a settlement need not be as extreme as that which the court in *Donovan* [*v. Robbins* ], 752 F.2d 1170, [1176 (7th Cir.1985) ] gave as an ex-

ample (*i.e.,* cutting off the violator's ears). In the context of a bankruptcy proceeding, determining whether a settlement is illegal or not would necessarily require consideration of the Bankruptcy Code.

*Id.* at 609.

The United States District Court for the District Court of Vermont discussed a bankruptcy court's role in ascertaining the propriety of dismissal under Fed. R.Bankr.P. 7041:

> In addition to the important public interest in upholding the integrity of the bankruptcy system and preventing tainted compromise, there is a public interest in encouraging just, speedy, inexpensive, and final resolution of disputes.
>
> . . .
>
> Bankruptcy judges, with their specialized expertise and experience, and their roles as guardians of the integrity of the bankruptcy system, are excellently suited to resolve any tension inherent in these public policy objectives in the bankruptcy context. Requiring bankruptcy court oversight of the proposed resolution of an objection to discharge effectively ensures that private interests in a particular settlement do not operate to the detriment of the estate, the creditors as a whole, or the bankruptcy system.[66]

▮▮▮ As the Tenth Circuit BAP noted, in the context of Fed.R.Bankr.P. 7041:

> Restricting the issuance of discharges to honest debtors is important to the legitimacy and integrity of the bankruptcy process. Similarly, the legitimacy and integrity of the process requires that the § 727 discharge, a right created by Congress and adjudicated and granted by the federal courts, not be treated as a commodity, Accordingly, the discharge "is not a proper subject for negotiation and the exchange of a *quid pro quo*" between a debtor and creditors.

In fact, such an exchange may be criminal. A creditor, therefore, may not initiate a § 727(a) proceeding as a tool in negotiating the nondischargeability of a debtor's debt to it. Furthermore, a debtor may not obtain a discharge by paying a creditor who has filed a § 727(a) complaint in exchange for dismissal of the complaint.

This policy of preventing the trafficking of discharges is articulated in Federal Rule of Bankruptcy Procedure 7041, which governs the dismissal of adversary proceedings in bankruptcy.[67]

The Tenth Circuit BAP in *Bank One v. Kallstrom (In re Kallstrom)* was addressing the problem of creditors threatening discharge complaints and debtors buying off creditors who brought discharge complaints—the buying and selling of such actions being almost like illegal commodity brokering. This is not the case here—claims are not being bought and sold. However, the language of *Kallstrom* is compelling: *Fed.R.Bankr.P. 7041 exists to prevent the "trafficking of discharges."* In effect, what is being requested of this Court is that it enter a discharge for the Defendant on a false Social Security number. To do so would be an extension of the original trafficking of the false Social Security number. This Court, if it were inclined to approve the Stipulation, would aid and abet the original perpetration of misappropriating a Social Security number, and the use and trafficking of the Defendant's false Social Security number by granting him a discharge on that Social Security number.

---

**66.** *Wolinsky v. Maynard (In re Maynard)*, 269 B.R. 535, (D.Vt.2001). This case had a fairly extensive appellate/remand history constituting almost a dialogue between the District Court and the Bankruptcy Court. *See, Wolinsky v. Maynard (In re Maynard)*, 258 B.R. 91, (Bankr.D.Vt.2001), *rev'd* 269 B.R. 535, (D.Vt. 2001), *on remand*, 273 B.R. 369 (Bankr.D.Vt. 2002), *aff'd* 290 B.R. 67 (D.Vt.2002).

**67.** *Bank One v. Kallstrom (In re Kallstrom)*, 298 B.R., 753, 758–59 (10th Cir.BAP2003)(footnotes omitted).

### F. The Remedy Here

Courts considering the use of false Social Security numbers have resolved the matter by: (1) denying or revoking a debtor's discharge,[68] and/or (2) dismissal of the case.[69] This adversary proceeding, as it is presented to this Court, is unique. Here, the United States Trustee has decided *not* to pursue this matter. Therefore, this Court is required to ascertain whether the terms and conditions of dismissal—if any—are proper in accordance with applicable bankruptcy law and FED.R.BANKR.P. 7041. The Court believes that, as this matter is presented to the Court, the terms and conditions of dismissal are *not* appropriate.

The conundrum presented in this adversary proceeding leaves this Court with three options:

(1) This Court could approve the Stipulation and Notice of Dismissal and enter a discharge in favor of the Debtor under both Social Security numbers, or under the Social Security number ending in 3099. As discussed above and for the reasons stated, the Court declines to do so.

(2) This Court could approve the Stipulation and Notice of Dismissal and enter a discharge in favor of the Debtor under the Social Security number with the last four digits 8844, but since no credit was extended to the Debtor using that number, it would be anomalous and meaningless. Again, the effect is so doing would be to condone Debtor's fraud upon his creditors in using a false Social Security number to obtain credit.

(3) This Court could decline to approve the Stipulation and Notice of Dismissal and, based upon applicable law and the evidence thus far presented to the Court, decline to enter the Debtor's discharge *sua sponte*. In this unusual instance and under the current circumstances, this Court believes that it must decline to enter the Debtor's discharge pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 727(a)(4)(A) to "prevent an abuse of process."[70]

## VI. *Order*

IT IS THEREFORE ORDERED that the Court declines to approve the Stipulation and declines to enter a discharge of the Debtor's debts in the underlying bankruptcy case.

IT IS FURTHER ORDERED that the Clerk of the Court shall docket a copy of this Memorandum Opinion and Order in the underlying bankruptcy case. The Clerk of the Court shall serve all creditors and parties-in-interest in the underlying bankruptcy case.

---

68. *Tighe v. Valencia (In re Guadarrama)*, 284 B.R. 463 (C.D.Ca.2002) (the use of a false Social Security number was a "material" misstatement providing the basis for denial of discharge as a false oath) and *In re Shah*, 350 B.R. 69 (Bankr.S.D.Tex.2006) (use of a false Social Security number and an incorrect name warranted denial of discharge under 11 U.S.C. § 727(a)(4)(A)).

69. *In re Riccardo*, 248 B.R. 717 (Bankr. S.D.N.Y.2000).

70. *See, e.g., In re Burrell*, 148 B.R. 820, 823 (Bankr.E.D.Va.1992) (bankruptcy court denied a debtor his discharge *sua sponte* under 11 U.S.C. §§ 105(a) and 727(a)(8)).